636 So.2d 578 (1994)
Steve LANGON, Appellant/Cross-Appellee,
v.
STATE of Florida, Appellee/Cross-Appellant.
No. 92-2815.
District Court of Appeal of Florida, Fourth District.
May 11, 1994.
Nelson E. Bailey, West Palm Beach, for appellant, cross-appellee.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James J. Carney, Asst. Atty. Gen., West Palm Beach, for appellee, cross-appellant.
PER CURIAM.
We reverse for a new trial on the authority of J.E.B. v. Alabama, ___ U.S. ___, 114 S.Ct. 1419, 128 L.Ed.2d 89 (U.S. April 19, 1994). See also Laidler v. State, 627 So.2d 1263 (Fla. 4th DCA 1993). We reject the state's argument that the issue of gender bias in the state's exercise of peremptory challenges was not preserved. We recognize that the defense failed to renew its objection at the conclusion of voir dire, as required by Joiner v. State, 618 So.2d 174 (Fla. 1993). See also Mitchell v. State, 620 So.2d 1008 (Fla. 1993). However, here, the record reflects that in denying the defense request for a gender bias inquiry, the trial court made it clear that it understood that the issue in question would have to be resolved by an appeal. Therefore, Appellant's silence when the jury was subsequently seated misled neither *579 the court nor the state into the belief that the issue was not preserved.
GUNTHER, STONE and STEVENSON, JJ., concur.