654 So.2d 1215 (1995)
Kennis L. SCHUMMER, Appellant,
v.
STATE of Florida, Appellee.
No. 93-3616.
District Court of Appeal of Florida, First District.
May 1, 1995.
Rehearing Denied June 13, 1995.
*1216 Michael R. Rolla, Pensacola, for appellant.
Robert A. Butterworth, Atty. Gen., Stephen R. White, Asst. Atty. Gen., Tallahassee, for appellee.
VAN NORTWICK, Judge.
Kennis L. Schummer appeals his multiple convictions for two counts of violating the Florida RICO statute, sections 895.03(1) and (2), Florida Statutes (1991), twelve counts of grand theft and ten counts of unlawful transfer of money. As one issue on appeal, Schummer argues that the trial court erred by sustaining the state's objection to his peremptory challenge of a white male juror. We find that Schummer failed to preserve this issue for appeal and that his remaining two issues are without merit. Accordingly, his convictions and sentences are affirmed.
During jury selection, counsel for Schummer, a white male, sought to peremptorily challenge a white male juror, Mr. Meyer. The state objected, arguing there was no reason to strike Meyer, the present panel was all women, and the strike was based on race and gender. The trial court initiated an inquiry pursuant to State v. Neil, 457 So.2d 481 (Fla. 1984). When directed by the court to state a race-neutral reason for striking Meyer, defense counsel responded that Meyer had not looked him in the eye, that he and Schummer did not care for Meyer, and that "Mr. Meyer, being retired military, is typically more conservative" than other jurors. In response, the state argued that there was no factual basis in the record showing that Meyer would be conservative and the trial court denied the peremptory strike on that basis. At that point defense counsel exclaimed to the court: "That's ridiculous. I mean you're following the law, but I think that is ridiculous."
Immediately thereafter, the trial court congratulated the six jurors (including Meyer) on their selection as jurors and requested them to return the next day for the trial. Defense counsel did not make any objection to the jury panel. The next day, when the jury was sworn, there was no objection to the jury as constituted. Juror Meyer served as the foreman of the jury which convicted Schummer. In his motion for new trial Schummer for the first time specifically raised the error he now argues on appeal  that the court erred in disallowing his peremptory challenge of Meyer. We conclude, however, that to preserve error relating to the disallowance of a peremptory challenge under Neil, objection to the jury panel must be made prior to the motion for new trial. Joiner v. State, 618 So.2d 174 (Fla. 1993).
In Joiner, the Supreme Court of Florida affirmed the district court's holding that the defendant had waived any objection to a peremptory strike against a minority juror by affirmatively accepting the jury immediately before it was sworn. We think the *1217 following reasoning of the court in Joiner is equally applicable here:
We do not agree with Joiner, however, that he preserved the Neil issue for review. He affirmatively accepted the jury immediately prior to its being sworn without reservation of his earlier made objection. We agree with the district court that counsel's action in accepting the jury led to a reasonable assumption that he had abandoned, for whatever reason, his earlier objection. It is reasonable to conclude that events occurring subsequent to his objection caused him to be satisfied with the jury about to be sworn. We therefore approve the district court to the extent that the court held that Joiner waived his Neil objection when he accepted the jury. Had Joiner renewed his objection or accepted the jury subject to his earlier Neil objection, we would rule otherwise. Such action would have apprised the trial judge that Joiner still believed reversible error had occurred. At that point the trial judge could have exercised discretion to either recall the challenged juror for service on the panel, strike the entire panel and begin anew, or stand by the earlier ruling.
Id. at 176. Compare, Williams v. State, 619 So.2d 487, 490 (Fla. 1st DCA 1993) (trial counsel preserved issue for appeal by his indication following jury selection that the jury panel was acceptable "[o]ther than the strikes that I attempted to use and you disallowed" and by his motion for mistrial before the jury was sworn which challenged court's denial of his peremptory challenges). Under Joiner and Williams, to preserve an alleged Neil error counsel is required to do more than express disagreement on the record at the time the court rules on a challenge of a prospective juror and counsel must make any objection to the jury panel prior to the acceptance of the jury.[1]
Moreover, it is our conclusion, based on the transcript of the voir dire, that counsel's statement in the proceeding below, "That's ridiculous," did not constitute an objection to the judge's ruling, but merely amounted to an exclamation of counsel's opinion that the law on this subject was "ridiculous." Such a response was clearly not sufficient to put the trial judge on notice that Schummer believed reversible error had occurred in the denial of the peremptory challenge. See Givens v. State, 619 So.2d 500, 501 (Fla. 1st DCA 1993).
For these reasons, we decline to reach the merits of Schummer's contention that the trial court erroneously denied the peremptory strike of juror Meyer. Finding that Schummer's remaining two points are without merit, his convictions and sentences therefor are
AFFIRMED.
BOOTH and LAWRENCE, JJ., concur.
NOTES
[1] We recognize, however, that there may be circumstances where this is not required, such as when the trial court indicates on the record that it understands the issue has been raised and requires resolution by the appellate court. See, e.g., Langon v. State, 636 So.2d 578 (Fla. 4th DCA 1994).