ANTOON, Judge.
Eddie L. Roberts appeals his judgments and sentences for armed burglary,[1] grand theft,[2] and petit theft,[3] contending that the trial court erred in disallowing his peremptory challenge of a juror. This issue was not preserved for appellate review because the Roberts accepted the jury without objection. Accordingly, we affirm.
At the conclusion of voir dire, Roberts moved to strike three white male jurors from the panel. The prosecutor asked why the white men had been excused, and defense counsel responded, “Judge, I have reasons for all three of them.” The trial court took no immediate action but when defense counsel later moved to strike a fourth white male juror, the court conscientiously began a Neil[4] inquiry, giving defense counsel an opportunity to provide gender neutral reasons for the challenges. The trial court found that the explanations offered for the challenges were not sufficiently gender neutral but, nonetheless, the court only denied the *334 peremptory challenge as to one of the four white male jurors, Mr. B.
Thereafter, prior to the jury being sworn, defense counsel, the prosecutor, and the trial court took part in the following exchange:
COURT: All right. So right now we’ve got on the jury we’ve got Becker, Green, Curtis, White, Mickel, Smith. Six. Okay. Whose turn is it?
STATE: They’re okay.
DEFENSE COUNSEL: We’re now at Becker, Green, Curtis, White, Mickel and Smith?
COURT: That’s right.
DEFENSE COUNSEL: We would agree with that, your Honor.
COURT: Okay. How about an alternate? The next person out there is M.P.
STATE: No. The defense struck M.P.
COURT: They can use that as their peremptory. Do you want to strike M. or do you want H.
STATE: H. is fine with the state.
COURT: Okay. That’s the alternate.
DEFENSE COUNSEL: That’s acceptable to the defense.
COURT: All right. Bring them on in. And then we can have all the other come back in.
Following this conversation, the jury was sworn. Roberts failed to renew his objection to Mr. B. serving as a juror. In fact, when the trial court listed the names of the prospective jurors, defense counsel indicated agreement by saying, “We would agree with that, your Honor.” By accepting the jury without objection, Roberts failed to preserve his right to appellate review of the trial court’s ruling denying his peremptory challenge to Mr. B. See Joiner v. State, 618 So.2d 174 (Fla.1993); Schummer v. State, 654 So.2d 1215, 1217 (Fla. 1st DCA 1995); Williams v. State, 619 So.2d 487 (Fla. 1st DCA 1993).
In any event, we note that the record supports the trial court’s conclusion that Robert’s peremptory challenges to the four white male jurors were improper. The record indicates that the trial court conducted a thorough Neil inquiry and, having given defense counsel an opportunity to provide non-diseriminatory reasons for excluding the four potential jurors, the trial court was in the best position to evaluate the neutrality of the proffered reasons, and its conclusions must be afforded deference on appeal. Hall v. Daee, 602 So.2d 512, 516 (Fla.1992).
AFFIRMED.
DAUKSCH and GOSHORN, JJ„ concur.

. § 810.02, Fla.Stat. (1993).

. § 812.014, Fla.Stat. (1993).

. § 812.014, Fla.Stat. (1993).

. State v. Neil, 457 So.2d 481 (Fla.1984), clarified sum nom, State v. Castillo, 486 So.2d 565 (Fla.1986).