682 So.2d 208 (1996)
John Lorenzo HALL, Appellant,
v.
The STATE of Florida, Appellee.
No. 95-3445.
District Court of Appeal of Florida, Third District.
October 30, 1996.
*209 Bennett H. Brummer, Public Defender, and Lisa Walsh, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Steven Groves, Assistant Attorney General, for appellee.
Before BARKDULL, NESBITT and JORGENSON, JJ.
PER CURIAM.
The defendant challenges his convictions for burglary of a dwelling and grand theft. He contends that the trial court erred in denying his challenges for cause to prospective jurors Ellins and Sobkowicz. Because we find merit in his argument as to one of the jurors, we reverse.
During voir dire, prospective juror Sobkowicz indicated that his wife had been the victim of an armed home invasion and when questioned he stated in part that "[i]t could cloud my judgment." Neither the judge nor the prosecutor attempted to rehabilitate him. The trial judge denied defense counsel's cause challenge, so counsel expended a peremptory. Thereafter, counsel attempted to challenge prospective juror Drier for cause on the basis that she had been the victim of a burglary. The defense, having exhausted its peremptories, asked for additional challenges and the trial court denied that request. Juror Drier was eventually seated on the panel.
To demonstrate reversible error, the defendant must show that he used all of his peremptory challenges, made a request for additional peremptories which was denied, and that an objectionable juror was seated. Trotter v. State, 576 So.2d 691 (Fla. 1990). If a prospective juror's statements raise reasonable doubts as to that juror's ability to render an impartial verdict, the juror should be excused. Turner v. State, 645 So.2d 444 (Fla.1994). While a trial judge does have great discretion in ruling on challenges to jurors for cause, the denial of a challenge should be reversed where manifest error is shown. Mills v. State, 462 So.2d 1075 (Fla.1985), cert. denied 473 U.S. 911, 105 S.Ct. 3538, 87 L.Ed.2d 661 (1985). In this case, the record reveals that the trial judge was simply mistaken in her recollection of juror Sobkowicz' statements. She stated that "[H]e said he was going to give it his best try." Our review of the transcript reveals no such statement nor any intimation to that effect. Therefore, this is not a case where the trial judge's ruling was based upon an evaluation of the demeanor or the credibility of the juror, which is in part the reason why such rulings are entitled to great deference. See Coggins v. State, 677 So.2d 926, 928 (Fla. 3d DCA 1996) (Cope, J. concurring). This case is factually very similar to Jones v. State, 660 So.2d 291 (Fla. 2d DCA 1995) and Coggins, supra. In both cases, the court found reversible error even though the jurors later made statements that tended to *210 indicate that they would attempt to be fair and impartial. In this case, the juror's statements certainly raised a reasonable doubt as to his ability to render an impartial verdict and he did not make any later statements that served to dispel this doubt. Under these circumstances, we are compelled to reverse and remand for a new trial.[1]See also Williams v. State, 638 So.2d 976 (Fla. 4th DCA), review granted, 648 So.2d 724 (Fla.1994), review denied, 654 So.2d 920 (Fla. 1995); King v. State, 622 So.2d 134 (Fla. 3d DCA 1993); Price v. State, 538 So.2d 486 (Fla. 3d DCA 1989).
Reversed and remanded for a new trial.
NOTES
[1] We note that the state has conceded error as to the defendant's conviction for grand theft.