816 So.2d 805 (2002)
Carlos RODRIGUEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-3507.
District Court of Appeal of Florida, Third District.
May 15, 2002.
*806 Bennett H. Brummer, Public Defender and Robert Kalter, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General and Susan Odzer Hugentugler, Assistant Attorney General, for appellee.
Before LEVY, GERSTEN and GODERICH, JJ.
PER CURIAM.
The defendant, Carlos Rodriguez, challenges his conviction for felony battery in a domestic violence context, contending that the trial court erred in denying his challenge for cause to prospective juror Damato. We agree and reverse.
The defendant was charged with felony battery resulting from a domestic dispute with his wife. During voir dire, prospective juror Damato revealed that when she was eighteen, she had been abused by a boyfriend. She also said that she had encountered domestic violence on two other occasions, one of which involved her sister being beaten by her boyfriend. When asked if, based upon her experience, she could listen to the evidence and make a decision based solely on the facts and merits of this particular case, Damato candidly replied: "I might have a problem with it. I'm just listening to the words that have been speaking [sic] to these people and I am understanding where it is coming from. There is nothing that justifies violence. So I might have a problem." After further questioning by the prosecutor and the court, juror Damato eventually said that she would try to the best of her ability to be fair and put aside her experiences with domestic violence.
The defendant requested to have juror Damato excused for cause. The trial court denied the request, finding that she had been rehabilitated. The defendant used a peremptory challenge and juror Damato was excused. Thereafter, the defendant attempted to excuse prospective juror Eller. Having exhausted all of his peremptory challenges, the defendant requested an additional peremptory challenge. That request was denied and juror Eller was seated on the panel.
We find that the trial court erred in failing to excuse juror Damato for cause, despite the attempts at rehabilitation. "A *807 juror is not impartial when one side must overcome a preconceived opinion in order to prevail." Hill v. State, 477 So.2d 553, 556 (Fla.1985). "If a prospective juror's statements raise reasonable doubts as to that juror's ability to render an impartial verdict, the juror should be excused." Hall v. State, 682 So.2d 208, 209 (Fla. 3d DCA 1996). "Close cases should be resolved in favor of excusing the juror rather than leaving a doubt as to his or her impartiality." Sydleman v. Benson, 463 So.2d 533, 533 (Fla. 4th DCA 1985). In the instant case, juror Damato's initial comments should have sent up a red flag that she had no business sitting on a case in which the defendant was charged with an offense involving domestic violence. Since the defendant was later unable to excuse an objectionable juror whom he otherwise would have struck peremptorily, the court's failure to excuse juror Damato for cause constituted reversible error. See Trotter v. State, 576 So.2d 691, 693 (Fla. 1990); Hall, 682 So.2d at 209. Accordingly, we reverse and remand for a new trial.