PER CURIAM.
The Defendant appeals from the lower court’s Judgment of Conviction and Sentence. We reverse.
The State filed an Information charging the defendant with possession of a firearm by a convicted felon. Before the defendant’s jury trial began, during jury selection, the trial court told the panel that this case involved an indictment for possession of a firearm by a convicted felon. The court asked the panel, “Is there anything about that particular charge that would prevent anyone from being able to sit as a fair and impartial juror?” The panel, including the juror in question, Juror Scott, responded, “No.”
The court then polled the jury panel to determine who had experiences where they or members of their family were victims of a crime. The following is the discussion that took place between the court and Juror Scott:
THE COURT: Ms. Scott you must have thought of something.
MS. SCOTT: I thought you were speaking of recent incidents. I didn’t think you were speaking of far back ones.
THE COURT: Well far back ones that are in the back of your mind. If you can tell us about them.
MS. SCOTT: I was robbed at gun point by an ex-offender at my job where I worked. This was more than twenty-eight years ago.
THE COURT: Two separate incidents?
MS. SCOTT: Yes.
THE COURT: House burned down.
MS. SCOTT: Yes.
THE COURT: Were those here?
MS. SCOTT: Yes.
THE COURT: In Dade County?
MS. SCOTT: Yes.
THE COURT: Anything about that incident that would make it difficult for you to sit as a fair and impartial juror, in this case?
MS. SCOTT: No, not really. It’s just that I haven’t thought about it for a lot of years, because I moved out of the City of Dade County proper. I moved to a little area, and I really haven’t thought about it.
Later, the prosecutor questioned Juror Scott regarding those incidents:
PROSECUTOR: And again, the same question. I know you’ve been the victim of a robbery, and your house was *885 burned down. Could you be fair and impartial to both the State and the defense if you were picked as a juror?
MS. SCOTT: I can be fair and impartial regarding those incidents, but I’m a nurse. I work trauma. I have a prejudice with people using guns. I don’t believe anybody should have them. I see the damage that they do. I’m the first hand there and I don’t believe anybody should have them.
I believe everybody should stand there and witness and see what guns do. The kids, people and babies that come in there, victims of gunshot wounds.
PROSECUTOR: How long have you been a nurse?
MS. SCOTT: Thirty-five years.
No further questions were asked of Juror Scott by either the State or the defense.
During the selection process, defense counsel moved to strike Juror Scott for cause. The trial judge denied this challenge. Defendant’s counsel then used a peremptory challenge to strike Juror Scott. Once he had used all six of his peremptory challenges, he requested an additional peremptory. He told the trial court that if he was granted the additional peremptory, he would use the peremptory for Ms. Mijares, Juror No. 10. The trial court denied this request. Defense counsel then accepted the panel, and the court swore the panel in, subject to all previous objections by the defense. Juror Mijares served on the panel.
After deliberations, the jury found the Defendant guilty as charged. The trial judge sentenced the defendant to ten years in state prison with a three-year minimum mandatory sentence.
On appeal, the Defendant contends that the trial court abused its discretion in denying defense counsel the right to excuse Juror Scott for cause because Juror Scott’s response to the State’s question established that her views about firearms would prevent her from being a fair and impartial juror. We agree and conclude that the trial court should have granted the Defendant’s request to excuse Juror Scott for cause.
The trial court must excuse a juror for cause “if any reasonable doubt exists as to whether the juror possesses an impartial state of mind.” Kearse v. State, 770 So.2d 1119, 1128 (Fla.2000)(citing Bryant v. State, 656 So.2d 426, 428 (Fla.1995)). A juror is not impartial when one side must overcome a preconceived opinion in order to prevail. See Hamilton v. State, 547 So.2d 630, 633 (Fla.1989)(quoting Hill v. State, 477 So.2d 553, 556 (Fla.1985)). Close cases should be resolved in favor of excusing the juror rather than leaving doubt as to his or her impartiality. Sydleman v. Benson, 463 So.2d 533 (Fla. 4th DCA 1985).
In Rodriguez v. State, 816 So.2d 805 (Fla. 3d DCA 2002), a similar case where a juror acknowledged a inability to be objective, the defendant was charged with felony battery ensuing from a domestic dispute with his wife. During voir dire, Juror Damato revealed that when she was eighteen, she had been abused by a boyfriend. She also said that she had encountered domestic violence on two other occasions, one of which involved her sister being beaten by her boyfriend. See id. at 806. When asked if she could listen to the evidence and make a decision based solely on the facts and merits of this case, Damato answered, “I might have a problem with it. I’m just listening to the words that have been speaking [sic] to these people and I am understanding where it is coming from. There is nothing that justifies violence. So I might have a problem.” Id. After further questioning by the prosecutor and the court, Juror Damato said that she would try to the best of her ability to be *886 fair and put aside her experiences with domestic violence. See id.
The defendant requested to have Juror Damato excused for cause. The trial court denied the request, finding that she had been rehabilitated. The defendant used a peremptory challenge and Juror Damato was excused. Id. The defendant then attempted to excuse Juror Eller. The defendant requested an additional peremptory challenge because he had used all of his peremptories. This request was denied, and Juror Eller was seated on the panel. Id.
In finding that Juror Damato should have been excused for cause, this Court stated:
We find that the trial court erred in failing to excuse juror Damato for cause, despite the attempts at rehabilitation. ‘A juror is not impartial when one side must overcome a preconceived opinion in order to prevail.” Hill v. State, 477 So.2d 553, 556 (Fla.1985). ‘If a prospective juror’s statements raise reasonable doubts as to that juror’s ability to render an impartial verdict, the juror should be excused.’ Hall v. State, 682 So.2d 208, 209 (Fla. 3d DCA 1996). ‘Close cases should be resolved in favor of excusing the juror rather than leaving a doubt as to his or her impartiality.’ Sydleman v. Benson, 463 So.2d 533, 533 (Fla. 4th DCA 1985).
In the instant case, juror Damato’s initial comments should have sent up a red flag that she had no business sitting on a case in which the defendant was charged with an offense involving domestic violence. Since the defendant was later unable to excuse an objectionable juror whom he otherwise would have struck peremptorily, the court’s failure to excuse juror Damato for cause constituted reversible error. (Citations omitted).
Id. at 806-07.
Similarly, in the instant case, Juror Scott’s comments regarding her feelings about guns should have sent up a red flag that she might have a problem being fair and impartial. When the prosecutor discussed Juror Scott’s past incidents with her, the prosecutor asked Juror Scott if she could be fair and impartial to both the State and the defense if she were picked as a juror. Juror Scott responded that she could. However, the record reflects that Juror Scott restricted her statement when she added the following:
[B]ut I’m a nurse. I work trauma. I have a prejudice with people using guns. I don’t believe anybody should have them. I see the damage that they do. I’m the first hand there and I don’t believe anybody should have them. I believe everybody should stand there and witness and see what guns do. The kids, people and babies that come in there, victims of gunshot wounds.
The State did not follow up on Juror Scott’s statement regarding her negative feelings about guns. The only follow-up question the State asked was, “How long have you been a nurse?”
Although Juror Scott initially indicated that she could be fair and impartial and not affected by her own personal circumstances where she had been the victim of a crime, she specifically qualified her statement about being fair and impartial with the words, “regarding those incidents” referring specifically to the prior incidents where the juror had been the victim of crimes. She did not discuss, and was never asked about, being fair and impartial in connection with her comments about the “prejudice” she had concerning people who possess or use guns. Neither the trial *887 court nor the State attempted to rehabilitate Juror Scott to determine whether she could be fair and impartial in this case where the Defendant had been charged with unlawful possession of a firearm by a convicted felon. In addition, Juror Scott was never asked whether she could put aside her feelings about guns. Thus, the trial judge abused his discretion in denying defense counsel’s motion to strike Juror Scott for cause and defense counsel’s subsequent request for an additional peremptory challenge so that he could excuse an objectionable juror whom he had identified to the trial court. See also Blye v. State, 566 So.2d 877 (Fla. 3d DCA 1990)(failure to excuse juror for cause was error where juror acknowledged inability to be objective because of crimes against friends; error required reversal where defendant exhausted his peremptory challenges and unsuccessfully requested another one). Accordingly, based on the foregoing, we reverse the Defendant’s Conviction and Sentence.
Reversed and remanded.