867 So.2d 1215 (2004)
Desmond MEADE, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D03-1840.
District Court of Appeal of Florida, Third District.
March 10, 2004.
Bennett H. Brummer, Public Defender, and Robert Kalter, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Marni A. Bryson, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., COPE and SHEVIN, JJ.
SHEVIN, J.
Desmond Meade appeals his conviction and sentence. We reverse, holding that the trial court should have granted defendant's cause challenge of a prospective juror.
Meade was charged with possession of a firearm by a convicted felon. During jury selection, a prospective juror related that she had been the victim of a violent home invasion robbery during which the perpetrator held a gun to her head and threatened her life. Upon further questioning, the juror volunteered that she had learned that the perpetrator was a convicted felon who was out of jail, like the defendant in this case. The defense moved to excuse the juror for cause. The court denied the cause challenge. The defendant used his first peremptory to strike this juror.
*1216 We find that the court abused its discretion in denying the cause challenge when, as here, the juror drew a parallel between the defendant and the perpetrator who victimized her. Rodriguez v. State, 816 So.2d 805 (Fla. 3d DCA 2002)(error to deny cause challenge of prospective juror who was victim of abuse by boyfriend, and whose sister was victim of domestic violence, in domestic violence felony battery trial); Gill v. State, 683 So.2d 158 (Fla. 3d DCA 1996)(error to deny cause challenge of prospective jurors who were home burglary victims in trial of burglary of a dwelling charge); Crawford v. State, 805 So.2d 997 (Fla. 2d DCA 2001)(error to deny cause challenge of prospective juror who had been held up at gunpoint twice, in second degree murder involving a firearm trial), review denied, 821 So.2d 301 (Fla. 2002). A review of the record demonstrates that, based on the totality of the juror's responses, there was a reasonable doubt as to whether she could be an impartial juror, and the cause challenge should have been granted on that basis. Franqui v. State, 804 So.2d 1185 (Fla. 2001); Miles v. State, 826 So.2d 492 (Fla. 3d DCA 2002); Martinez v. State, 795 So.2d 279 (Fla. 3d DCA 2001). This juror was not rehabilitated; she only answered, "Yes," to the court's sole question of whether she could put her experience aside and be impartial. This response is certainly "not dispositive of her competence to serve in light of her initial responses." Henry v. State, 586 So.2d 1335, 1337 (Fla. 3d DCA 1991). This court has long held that responses to questions by the court are more likely offered to "`please' the judge and give the rather obvious answers indicated by the leading question, and as such these responses alone must never be determinative of a juror's capacity to impartially decide the cause to be presented." Price v. State, 538 So.2d 486, 489 (Fla. 3d DCA 1989); Henry, 586 So.2d at 1337 ("responses to court's leading questions reflect a desire to please the court, but do not dissipate the reasonable doubt raised by previous equivocal statements.").
Moreover, this issue was preserved for review, contrary to the State's contention. The defense was forced to exercise a peremptory challenge to strike this prospective juror. Thereafter, the defendant exhausted his peremptory challenges, requested additional challenges that were not granted, and identified the objectionable jurors that he would have stricken. Kearse v. State, 770 So.2d 1119 (Fla.2000); Trotter v. State, 576 So.2d 691 (Fla.1991). Cf. Blye v. State, 566 So.2d 877 (Fla. 3d DCA 1990)(denial of cause challenge of juror who acknowledged inability to be objective because of crimes against friends was reversible error where defendant exhausted his peremptory challenges and was denied another). The defense also accepted the jury subject to its previous objections. Joiner v. State, 618 So.2d 174 (Fla.1993).
We therefore reverse the conviction and remand for a new trial.
Reversed and remanded.