ORFINGER, J.
The State of Florida appeals the trial court’s order dismissing and consolidating counts 2 and 3 of the amended information filed against Kevin Roberson. We reverse and remand for further proceedings.
Roberson was charged by amended information with one count of Lewd or Lascivious Battery (count 1), and two counts of Lewd or Lascivious Molestation (counts 2 and 3). Count 2 alleged that Roberson:
then being 18 years of age or older, did intentionally force or entice [K. A.], a person 12 years of age or older but less than 16 years of age, to touch in a lewd or lascivious manner his genitals, by causing his penis to touch [K.A.’s] face, contrary to Section 800.04(5), Florida Statutes.
Count 3 alleged that Roberson:
then being 18 years of age or older, did intentionally touch in a lewd or lascivious manner the breasts, genitals, genital area or buttocks, or clothing covering them, of a person 12 years of age or older but less than 16 years of age, [K.A.], by touching, rubbing or fondling, over the clothing, [K.A.] breasts or buttocks or vaginal area, contrary to Section 800.04(5), Florida Statutes.
Roberson filed a Motion to Dismiss or Consolidate Counts 2 and 3. In the motion, Roberson asserted that according to the victim’s deposition, the events alleged in counts 2 and 3 occurred at the same party and very close in time, and, as a result, the charges in counts 2 and 3 violated his protections against double jeopardy. Roberson asked the court to enter an order dismissing either count 2 or 3, or to combine the allegations in one count. The State argued that the motion was premature, as jeopardy had not yet attached, and, on the merits, there was evidence of a sufficient temporal break between the incidents charged.
After a hearing on Roberson’s motion, the trial court stated that it “feels that these allegations will be combined in one count. That’s the Court’s ruling.” The trial court then entered an amended order, which stated:
1. That the Defendant’s Motion to Dismiss or Consolidate Counts 2 and 3 is hereby GRANTED, and Count 3 is hereby DISMISSED.
2. That Counts 2 and 3 of the Second amended Information shall be consolidated into one (1) count.
This appeal follows.
Jeopardy attaches in a criminal prosecution when the jury is impaneled *729 and sworn. Johnson v. State, 685 So.2d 1369, 1370 (Fla. 2d DCA 1996). A dismissal of multiple counts in an information based upon the possibility that the counts may violate double jeopardy is premature because jeopardy has not yet attached. See State v. Keith, 732 So.2d 9, 10 n. 1 (Fla. 3d DCA 1999). Accordingly, the pretrial dismissal/consolidation order in this case cannot be sustained based on a double jeopardy theory. State v. Farnham, 752 So.2d 12, 14 (Fla. 5th DCA 2000).[1]
We make no judgment on the merits of Roberson’s double jeopardy claim. We simply conclude that the order of dismissal and consolidation was premature.
REVERSED and REMANDED for further proceedings.
PLEUS and TORPY, concur.

. Three basic protections emanate from the Double Jeopardy Clauses of the Federal and Florida Constitutions: 1) protection against a subsequent prosecution for the same offense after acquittal; 2) protection against a subsequent prosecution for the same offense after conviction; and 3) protection against multiple punishments for the same offense. North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) (footnotes omitted); State v. Wilson, 680 So.2d 411, 413 (Fla.1996); Hunsicker v. State, 881 So.2d 1166 (Fla. 5th DCA 2004). It is the third protection that is implicated here and may prohibit convictions on multiple counts brought in a single prosecution when the convictions arise from conduct committed in a single criminal episode. Cabanela v. State, 871 So.2d 279, 281 (Fla. 3d DCA 2004); Swil-ley v. State, 845 So.2d 930 (Fla. 5th DCA 2003); King v. State, 834 So.2d 311 (Fla. 5th DCA 2003).
"The prevailing standard for determining the constitutionality of multiple convictions for offenses arising' from the same criminal transaction is whether the Legislature ‘intended to authorize separate punishments for the two crimes.' ” Gordon v. State, 780 So.2d 17, 19 (Fla.2001) (quoting M.P. v. State, 682 So.2d 79, 81 (Fla.1996)); see also Cruller v. State, 808 So.2d 201, 203 (Fla.2002). If the Legislature did not clearly express its intention to authorize separate punishments, the courts must resort to the test of statutory construction established in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), now codified in section 775.021(4), Florida Statutes (2001).