920 So.2d 698 (2006)
Stevie Lennon SCOTT, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-1455.
District Court of Appeal of Florida, Third District.
February 8, 2006.
*699 Bennett H. Brummer, Public Defender, and Shannon P. McKenna, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and William J. Selinger, Assistant Attorney General, for appellee.
Before COPE, C.J., and GERSTEN and SUAREZ, JJ.
SUAREZ, J.
Stevie Lennon Scott seeks a new trial based on the trial court's denial of a peremptory challenge of a seated juror. We reverse and remand for a new trial.
The defendant asserts that the trial court erred by denying his peremptory challenge of a juror who appeared biased in favor of police officers. The State argues that the issue is unpreserved, and that the defendant's reason for attempting to strike the Hispanic juror was pretextual.
First, this issue is preserved for appellate review. As a general matter, counsel must renew an objection to the seating of a juror before tendering the panel. Joiner v. State, 618 So.2d 174 (Fla. 1993). If counsel was not required to renew an objection before accepting a panel, a defendant "could proceed to trial before a jury he unqualifiedly accepted, knowing that in the event of an unfavorable verdict, he would hold a trump card entitling him *700 to a new trial." Joiner v. State, 618 So.2d at 176.
In the instant case, the issue is preserved despite defense counsel's failure to specifically renew his objection before accepting the panel. The record reveals that it was clear to the trial court and the State that defense counsel was not abandoning his objection. When the defense attempted to strike the juror, the court re-called the juror, subjected him to additional questioning, had the court reporter read his earlier voir dire responses aloud, and entertained argument from counsel. After the court denied the peremptory challenge, it twice assured defense counsel that the objection was preserved for the record. Defense counsel accepted the panel just a few transcript pages after the court asked if there was any other business that needed to be addressed. In these specific circumstances, "neither the state nor the court was misled into a belief that the voir dire issue was being abandoned by failing to renew it." Ingrassia v. State, 902 So.2d 357, 359 (Fla. 4th DCA 2005); see also Langon v. State, 636 So.2d 578 (Fla. 4th DCA 1994) (same); Meade v. State, 867 So.2d 1215 (Fla. 3d DCA 2004)(issue was preserved where the defense accepted the jury subject to its previous objections).
The defendant is entitled to a new trial because the court erroneously denied the peremptory challenge at issue. Melbourne v. State, 679 So.2d 759 (Fla.1996), and its progeny set forth the following procedure for challenging peremptory strikes of prospective jurors:
(1) the objecting party must make a timely objection, must show that the venire person is a member of a distinct racial group, and must request that the court ask the striking party the reasons for the strike; (2) if the first step is met, the court must ask the proponent of the strike to explain the reason for the strike; and (3) if the reason given is facially race-neutral and the court believes that given all the circumstances surrounding the strike, the explanation is not pretext, the strike will be sustained. In the third step, the court's focus is on the genuineness of the explanation, not its reasonableness.
Jeffries v. State, 797 So.2d 573, 580 (Fla. 2001).
A trial court's genuineness inquiry involves consideration of factors which tend to show whether the proffered reason is pretextual. State v. Slappy, 522 So.2d 18, 22 (Fla.1988). On appeal, a reviewing court must be mindful of two guiding principles: "peremptory challenges are presumed to be exercised in a nondiscriminatory manner, and the trial court's decision, which turns primarily on an assessment of credibility, will be affirmed on appeal unless clearly erroneous." Jeffries, 797 So.2d at 579.
The defense stated a race-neutral reason for excusing the juror. That is, that the juror's voir dire responses indicate that the juror may tend to assume that police officers testify truthfully. The juror's voir dire responses support the genuineness of defense counsel's explanation. The juror stated that officers "would be telling most of the possible truth," and that "[i]f there is nothing contradictory and there is no reasonable doubt, I should accept" an officer's testimony. When the trial court recalled the juror in order to have his response clarified, he denied that he would give a police officer immediate credibility, but agreed with the statement that "most police officers who testify will tell the truth." The record reveals that none of the Slappy factors indicating pretext is present. As the defense provided a race-neutral, genuine, and non-pretextual reason for striking the juror, the trial court *701 erred by denying the peremptory challenge.
Reversed and remanded for a new trial.