995 So.2d 1099 (2008)
Willie BROWN, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D07-2534.
District Court of Appeal of Florida, Third District.
November 26, 2008.
Bennett H. Brummer, Public Defender, and Colleen Brady Ward and Andrew Stanton, Assistant Public Defenders, for appellant.
Bill McCollum, Attorney General, and Lane Hodes, Assistant Attorney General, for appellee.
Before COPE and RAMIREZ, JJ., and SCHWARTZ, Senior Judge.
COPE, J.
The question in this criminal appeal is whether there was an error in jury selection. We conclude that the answer is "yes", and remand for a new trial.
Defendant-appellant Willie Brown was charged with armed robbery and armed carjacking. During jury selection, the State sought to exercise a challenge for cause against Juror Number Eight, an African-American woman. The prosecutor argued that Juror Number Eight had indicated agreement when another juror said that he needed physical evidence in order to convict. The judge and defense counsel both said that they did not see that, meaning that they had not seen any nonverbal communication by Juror Number Eight which indicated agreement with the other juror. There are no statements in the transcript in which Juror Number Eight expressed agreement with the other juror, *1100 and no statements indicating that Juror Number Eight would require physical evidence in order to convict. The trial court denied the challenge for cause.
Soon thereafter the State sought to exercise a peremptory challenge against Juror Number Eight, explaining that it relied on the same reason previously given. The defense reiterated its position. The court allowed the peremptory challenge. Juror Number Eight was stricken. From his conviction, the defendant appeals.
We reverse on authority of Dorsey v. State, 868 So.2d 1192 (Fla.2003). In Dorsey the Florida Supreme Court held that "a potential juror's nonverbal behavior, the existence of which is disputed by opposing counsel and neither observed by the trial court nor otherwise supported by the record, is not a proper basis to sustain a peremptory challenge as genuinely race-neutral." Id. at 1202. Here, as in Dorsey, the State relied on nonverbal conduct which the judge and defense counsel both said they did not observe. We must therefore order a new trial.
The State argues that the defense objection is not properly preserved for appellate review because at the conclusion of jury selection, the defense did not state that it was renewing its objection to the State's strike of Juror Number Eight. However, we conclude that there was sufficient preservation in this case because, as soon as the jury was chosen, the trial court asked the defendant, "After having sat through the questioning of the panel, meeting with your attorney and going over the selection process, subject to any objections she's raised, are you satisfied with the jury we've selected?" (Emphasis added). The defendant responded, "Yes, sir." The trial court's "subject to any objections" statement is sufficient to indicate the trial court's awareness that the jury was being seated over defense objection and that the defense had not waived the objection. See Scott v. State, 920 So.2d 698, 699 (Fla. 3d DCA 2006).
For the stated reasons, we reverse the convictions and remand the case for a new trial.
Reversed and remanded for further proceedings consistent herewith.