RAMIREZ, J.
 

 Andre Howell challenges his conviction on the basis of an error that occurred during jury selection. Because Howell’s reason for the peremptory challenge was based on how the juror was looking at him and the court did not observe this, under
 
 Dorsey v. State,
 
 868 So.2d 1192 (Fla.2003), the stated reason was not supported by the record and was properly denied.
 

 When Howell attempted to exercise a peremptory challenge of juror Maria Ber-mudez, the prosecutor requested a gender neutral reason. The trial court added that the juror was Hispanic. Defense counsel stated that their client expressed discomfort with the way the juror was looking at him. The judge said that he did not see that. As in
 
 Brown v. State, 995
 
 So.2d 1099 (Fla. 3d DCA 2008), that meant such nonverbal communication cannot support the strike, relying on
 
 Dorsey.
 
 In
 
 Dorsey,
 
 the Florida Supreme Court held that “a potential juror’s nonverbal behavior, the existence of which is disputed by opposing counsel and neither observed by the trial court nor otherwise supported by the record, is not a proper basis to sustain a peremptory challenge as genuinely race neutral.”
 
 Id.
 
 at 1202. Here, as in
 
 Dorsey,
 
 the defense relied on nonverbal conduct which neither the judge nor the prosecutor could confirm and is not supported by the record. Consequently, the proffered reason was not gender, or ethnically, neutral and the judge properly denied the challenge.
 

 We therefore affirm.