MARSTILLER, J.
 

 Appellant, Kennis Schummer, was convicted in 1993 of racketeering, grand theft, and unlawful financial transaction. This court affirmed the convictions and sentences in
 
 Schummer v. State,
 
 654 So.2d 1215 (Fla. 1st DCA 1995). Appellant’s current appeal is from an order denying his motion to declare $22,759 in restitution paid in full after offsetting a money judgment he won against Gulf Coast Audio Visual Producers, Inc. (“Gulf Coast”), the victim of his crimes. We affirm the trial court’s order for we find none of the ordered restitution has been satisfied by set-off.
 

 When Appellant was convicted, he was ordered to pay Gulf Coast $23,759 in restitution in addition to serving terms of incarceration and probation. The trial court subsequently reduced the restitution to $22,759 after vacating a single count of conviction for both grand theft and unlawful financial transaction. In 2002, Appellant obtained a civil judgment against Gulf Coast in the amount of $44,928, and against Robert Roy and Charles Edwards, the owners of Gulf Coast, for $14,975.82 and $14,674.82, respectively. Gulf Coast in turn was awarded treble damages and prejudgment interest totaling $85,355.93 on its civil theft counterclaim against Appellant. The Final Judgment provided this amount would be offset by the $44,928 in damages Appellant received against Gulf Coast, thereby resulting in a net judgment against Appellant of $40,427.93. The Final Judgment stated further:
 

 Any amounts paid to or collected by Defendant Gulf Coast Audio Visual Producers, Inc. in satisfaction of its judgment shall concurrently satisfy the resti
 
 *1231
 
 tution obligation owed to said defendant by plaintiff established by restitution order entered in
 
 State of Florida v. Kenneth L. Schummer,
 
 Case No.1992-CF-005096A, Circuit Court, Escambia County, Florida.
 

 See
 
 § 775.089(8), Fla. Stat. (providing that restitution is to be set off against any subsequent civil recovery obtained by the person to whom restitution is owed).
 

 In 2008, Gulf Coast assigned its judgment against Appellant to Charles Edwards, who thereafter assigned it to Robert Roy. As a result of the assignments, the $40,427.98
 
 [1]
 
 judgment against Appellant was offset and thus reduced by $32,182.91, the total amount Edwards and Roy owed in damages and interest to Appellant as of January 30, 2003. Because the setoffs were not “amounts paid to or collected by” Gulf Coast, they had no effect on the $22,759 in restitution Appellant must pay to Gulf Coast as a result of the criminal proceedings. But pursuant to section 775.089(8) and the final judgment in the civil proceedings, Appellant is entitled to concurrently satisfy his obligations under the civil judgment and the restitution order.
 

 AFFIRMED.
 

 HAWKES, C.J., and PADOVANO, J., Concur.
 

 [1]
 

 . We assume interest had accrued on the judgment by the time Gulf Coast assigned it, but the record does not reflect the amount of such interest.