DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**LOUIS BACCARI,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D12-1586

[August 27, 2014]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jeffrey Colbath, Judge; L.T. Case No. 502009CF005155BXXXMB.

Antony P. Ryan, Regional Counsel, and Richard G. Bartmon, Assistant Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.

LEVINE, J.

Appellant appeals his conviction for robbery with a firearm and first-degree murder with a firearm. Appellant argues that the trial court erred by not allowing his peremptory strike of a juror and by not conducting a "genuineness" analysis after the state objected to appellant's strike. We find this issue was not preserved for appellate review and further find the other issues raised by appellant to be without merit, and therefore, we affirm.

Appellant and a co-defendant were charged with first-degree murder with a firearm, robbery with a firearm, and accessory after the fact. Another co-defendant, Bussey, pled guilty to second-degree murder in exchange for his testimony at appellant's and the co-defendant's trial. At trial, Bussey testified to a robbery "gone bad" in which he witnessed appellant approach the victim's truck. Bussey heard a gunshot and then saw the co-defendant's gun in appellant's hand. The jury found appellant

guilty of robbery with a firearm and first-degree murder with a firearm.

During voir dire, potential juror 5-7 stated that she was a retired high school English teacher who had served as a juror in a prior criminal case. She said it was important to keep an open mind and look at the evidence because the jury needs to "weigh all the information, . . . learn and understand the law, and . . . apply the law to what we hear and see and make the best judgment we can."

Appellant moved to exercise a peremptory challenge to juror 5-7, whereupon the state requested a race- and gender-neutral reason. Defense counsel stated that he was "concerned about the fact that she was a prior juror on a criminal trial [and] that she did not volunteer any answers." He was also concerned because as a teacher, juror 5-7 "deals with young children or in a school setting," and "[t]here have been numerous school shootings all over the country." Because of the "well publicized issue," defense counsel was "concerned that being in a school setting is going to prejudice, you know, her to firearms generally and that, you know, I have a belief that, you know, she's not a good juror and I believe that that should be sufficient." The trial court asked what juror 5-7 said that caused defense counsel to be fearful, because his reasons seemed like "generic responses." Defense counsel stated that he did not "have anything more specific that's not already been said." The state pointed out that jurors who were left on the panel shared the objected-to qualities of juror 5-7; namely, juror 2-1 was also a retired teacher, and juror 1-4 had also previously served on a criminal jury. The court found that "the reasons proffered by [defense counsel] are not genuine race, ethnic or gender neutral reasons, and I will deny the peremptory challenge as to 5-7." Appellant did not renew his objection after the court denied his challenge.

Later on, the judge announced the final make-up of the jury panel for acceptance by the parties:

> The Court: 1-4, 1-10, 2-1, 2-7, 3-1, 3-6, 3-8, 4-10, 5-5, 5-9, 5-10.
> [Prosecutor]: Judge, 5-7.
> [Unidentified male]: 5-7.
> The Court: Did I say 5-7? Oh, 5-7, thank you. 5-5, 5[-]7, 5-9, 5-10, thank you.
> (Pause in proceedings.)
> The Court: [Defense counsel].
> [Defense counsel]: Yes, Judge.
> The Court: Accept or strike?

2

**[Defense counsel]: I'm gonna accept.**
The Court: [Prosecutor], you're the last key in the equation.
[Prosecutor]: I'll solve the equation then and say that I'm done.
The Court: You're accepting?
[Prosecutor]: Yes.
The Court: All right. We got a jury, then. . . .

(Emphasis added).

After two alternates were chosen, the venire returned to open court and the trial court called out the fourteen names constituting the selected jury, which included juror 5-7. At that point, the jury was sworn. After the jury was sworn and impaneled, the court recessed for the day.

The next day, a sidebar conference regarding the challenge occurred:

[Defense counsel]: Judge, yesterday the jury panel was sworn. I had made several objections during jury selection. And in order to preserve those issues - - in order to preserve those issues I needed to object prior to the jury panel being sworn. I don't think this cures -- actually, I'm almost certain that it doesn't cure the issue, but I wanted to accept the panel subject to the previous objections I've made.
The Court: Okay.
[Defense counsel]: I don't think that this is going to cure the issue. But I've tried several trials in front of Your Honor. And, typically, we wait for JOA arguments and accepting the jury panel, we do that at the bench. And I didn't make my objection contemporaneously.
The Court: Yeah. It's close enough to be timely. I'll find that that's a timely objection. The only objection I think that would be preserved as to the jury panel on behalf of anybody would be the issue of me deny or denying your peremptory challenge on that one juror.
[Defense counsel]: I understand, Judge. I just feel that anything would be waived without me, at least, saying that.
The Court: Okay.
[Defense counsel]: -- I'm accepting subject to previous objections.
The Court: All right.
[Defense Counsel]: I just wanted to get that on the record.

Although the trial court stated that it was "close enough to be timely,"

3

defense counsel clearly acknowledged and was "certain" that the objection after the jury was sworn did not "cure the issue."

"In order to preserve the issue of whether the trial court's ruling on a peremptory challenge constitutes reversible error, the appellant must accept the juror, or panel, subject to its prior objection and/or renew the objection before the jury is sworn." *USAA Cas. Ins. Co. v. Allen*, 17 So. 3d 1270, 1271 (Fla. 4th DCA 2009). The Florida Supreme Court has stated that "[u]nder our cases, the preservation of a challenge to a potential juror requires more than one objection. When a trial court denies or grants a peremptory challenge, the objecting party must renew and reserve the objection before the jury is sworn." *Carratelli v. State*, 961 So. 2d 312, 318 (Fla. 2007). The court concluded that "[b]y not renewing the objection prior to the jury being sworn, it is presumed that the objecting party abandoned any prior objection he or she may have had and was satisfied with the selected jury." *Id.* Thus, it is clear that issues related to the selection of a jury would be "waived and not preserved for appellate review where the appellant failed to either renew his objection prior to the jury being sworn or accept the jury subject to his earlier objection." *Brandon v. State*, 768 So. 2d 1189, 1190 (Fla. 3d DCA 2000). Finally, our court has stated that "it is necessary to renew an objection to a juror prior to the panel being sworn." *Glinton v. State*, 956 So. 2d 497, 500 (Fla. 4th DCA 2007) (finding that the defendant failed to preserve his objection to the trial court granting two peremptory challenges where "[p]rior to swearing in the panel, the trial court asked if the panel was acceptable to both sides," and "the defense responded, 'That panel's acceptable,'" and defense counsel "did not object to the panel prior to the jurors being sworn").

Appellant relies upon *Sparks v. Allstate Construction, Inc.,* 16 So. 3d 161, 164 (Fla. 3d DCA 2009), where the plaintiff "did not renew the objection before the jury was sworn, but rather waited until after lunch, before further proceedings began." The court in *Sparks* found that the objection to jury selection was preserved despite the fact that the objection occurred after the swearing in of the jury panel, because "there was no affirmative acceptance of the jury." *Id.* In the present case, unlike *Sparks*, appellant affirmatively accepted the jury at the time of impaneling and swearing in the jury.

Florida appellate courts have found objections to the denial of peremptory strikes to be preserved in criminal cases where the trial court makes assurances that the defendant's objection is preserved *before* the jury is impaneled. For example, in *Scott v. State,* 920 So. 2d 698, 700 (Fla. 3d DCA 2006), "the defense attempted to strike the juror, the court re-called the juror, subjected him to additional questioning, had the court

4

reporter read his earlier voir dire responses aloud, and entertained argument from counsel." After the court denied the challenge but before the jury was sworn in, "it twice assured defense counsel that the objection was preserved for the record," and "[d]efense counsel accepted the panel just a few transcript pages after the court asked if there was any *other* business that needed to be addressed." *Id.* The Third District found the issue was preserved for appellate review. *Id. See also Ingrassia v. State*, 902 So. 2d 357, 359 (Fla. 4th DCA 2005) (finding the defendant's objection preserved because *before* the jury was impaneled, "the trial court specifically and repeatedly reassured counsel, in the course of the extensive colloquy, that the issue was on the record and preserved for appellate review"); *Pinder v. State,* 738 So. 2d 428, 430 (Fla. 4th DCA 1999) (finding the defendant's objection unpreserved because although the "defendant did indeed state that he was striking one of the proposed alternate jurors to preserve his 'appellate rights,' he necessarily had to renew his objections *before* the empaneling *or* have the trial judge expressly state . . . that the earlier objections and colloquy would stand as the final objection for preservation purposes" and neither of these events occurred before the jury was sworn) (emphasis added); *Schummer v. State*, 654 So. 2d 1215, 1217 n.1 (Fla. 1st DCA 1995); *Langon v. State*, 636 So. 2d 578, 578-79 (Fla. 4th DCA 1994).

In the instant case, both counsel for the co-defendant and defense counsel attempted to exercise a peremptory challenge to juror 5-7 during voir dire. The state objected and requested a race- and gender-neutral reason. After defense counsel gave three reasons, the trial court denied the peremptory challenge, and voir dire continued. The transcript reflects that the trial court asked the parties for approval of the final makeup of the jury panel which included juror 5-7. Both defense counsel and counsel for the co-defendant accepted the panel, without commenting on juror 5-7. Then two alternates were selected, and the twelve jurors—including juror 5-7—were sworn in and impaneled for this case. At no point prior to the impaneling and swearing in of the jury did defense counsel, or counsel for the co-defendant, reassert any objection to any juror, or specifically juror 5-7. The court recessed for the day. The next morning, defense counsel re-raised the denial of his peremptory challenge in an attempt to "cure" his failure to preserve the issue, and the trial court found it "close enough to be timely."

Appellant asks this court to find the issue preserved based almost entirely on the trial court's acceptance of the objection by appellant the next day *after* the jury was sworn and impaneled, and *after* appellant had affirmatively accepted the jury the prior day. We decline to find that this issue is preserved for appellate review. It is entirely possible that

appellant, although objecting initially, decided to accept the jury as constituted and decided to forego any further objection at the time the jury was sworn and impaneled. It is also possible that overnight appellant had second thoughts and decided to reassert his initial objection after affirmatively accepting the jury. Appellant's "action in accepting the jury" could very well have "led to a reasonable assumption that he had abandoned, for whatever reason, his earlier objection," thereby supporting the prospect that he waived his objection. *See Joiner v. State*, 618 So. 2d 174, 176 (Fla. 1993).

We note that *Sparks*, the case appellant relies upon, is a civil case and that as such, jeopardy does not attach like it would in a criminal proceeding. Courts have recognized that the point at which a jury is impaneled and sworn in criminal proceedings is of paramount importance. *See, e.g., State v. Roberson*, 888 So. 2d 727, 728-29 (Fla. 5th DCA 2004) ("Jeopardy attaches in a criminal prosecution when the jury is impaneled and sworn."); *State v. Gaines*, 770 So. 2d 1221, 1225 (Fla. 2000) (noting that "[t]he Fifth Amendment to the United States Constitution and article I, section 9 of the Florida Constitution protects an accused against being twice put in jeopardy for the same offense," and such "jeopardy attaches in a criminal proceeding when the jury is impaneled and sworn") (citation omitted); *Crist v. Bretz*, 437 U.S. 28, 35-36 (1978) ("The reason for holding that jeopardy attaches when the jury is empaneled and sworn lies in the need to protect the interest of an accused in retaining a chosen jury. . . . [and the] defendant's 'valued right to have his trial completed by a particular tribunal' is now within the protection of the constitutional guarantee against double jeopardy, since it is that 'right' that lies at the foundation of the federal rule that jeopardy attaches when the jury is empaneled and sworn.").

We find that appellant abandoned his earlier objection when he affirmatively accepted the jury at the time the jury was sworn and impaneled without any reference to his prior objection. To allow appellant to come back to court the next morning, and reverse himself, regardless of the trial court's willingness to accept appellant's belated acceptance "subject to previous objections," would insert great uncertainty to the jury selection process.

In summary, we find the appellant's action was insufficient to preserve the issue for appellate review, and we find the other issues raised by appellant to be without merit, and as such we affirm.

*Affirmed.*

CONNER and KLINGENSMITH, JJ., concur.

\* \* \*

**_Not final until disposition of timely filed motion for rehearing._**