DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LONGINO ROMAN CRUZ,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-1955

[July 1, 2020]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Sandra K. McSorley, Judge; L.T. Case No. 18CF003349AMB.

Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Kimberly T. Acuña, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

The defendant appeals from his convictions for carjacking with a firearm and aggravated assault with a firearm. He raises two issues on appeal. We affirm as to both and write only to address his second argument that the trial court erred in denying the defendant's motion for mistrial related to the court's failing to strike the jury panel after a prospective juror had recognized defense counsel as a public defender. Even if properly preserved for review, we find no error with respect to this issue.

**Background**

During jury selection, when the panel was asked if they recognized any of the persons involved in the case, a prospective juror stated, "I recognize the Public Defender. I interned with the Public Defender's office in (inaudible)." At sidebar, defense counsel said he did not recognize the prospective juror but was concerned that she had identified him and his co-counsel as "Public Defender." Defense counsel stated: "[W]e do

everything within our power to avoid that so the jury doesn't think any less of our clients based off of the allegations because of the misconception that many people have about Public Defenders and why people can't afford private counsel and things of that nature." Defense counsel moved for a mistrial and offered to research the issue. He later acknowledged he found no cases directly on point.

In the interim, the trial court gave a curative instruction to the jury panel, noting:

> And what's important to me is that you gotta trust me on this that there is nothing negative to have somebody who chose out of a sense of dedication to the system to be a government lawyer, be it a prosecutor in the State Attorney's Office or a Public Defender. That there's nothing negative about that. If anything, that's a badge of honor.

Defense counsel noted he was "fine with" the court's instruction. The trial court then asked the panel, row by row, if anyone had any feelings or reaction or "any impact . . . whatsoever" to the prospective juror "referenc[ing] her knowing one of the fine lawyers at defense table as being a member of the Public Defender's Office." No hands went up in response to the court's questions.

The defense renewed its motion for a mistrial a few times on the first day of jury selection. At the end of the day, the trial court denied the motion but left open the option for defense counsel "to renew it." On the second day of jury selection, the trial court again noted "we're not done yet" and the defense could renew the motion. But the defense did not renew the motion after that point. The State and defense conducted their questioning of the panel, after which they exercised strikes until a final panel was accepted by both parties. The jury was then seated and sworn.

## Analysis

We review the denial of a motion to strike the jury panel for an abuse of discretion. *Morris v. State*, 219 So. 3d 33, 41 (Fla. 2017).

The defendant argues the trial court erred in denying his motion to strike the jury panel and his motions for mistrial[1] after defense counsel

---

[1] "Technically the court would simply strike the jury venire and no mistrial would be declared, as the jury had not yet been selected and sworn." *Prater v. Comprehensive Health Ctr., LLC*, 185 So. 3d 559, 560 n.3 (Fla. 3d DCA 2016).

was identified as "public defender," contending this information may have prejudiced members of the panel. We agree with the State that the issue was not preserved for appellate review, and that it lacks merit regardless.

The issue is not preserved because the defendant "failed to either renew his objection prior to the jury being sworn or accept the jury subject to his earlier objection." *Baccari v. State*, 145 So. 3d 958, 961 (Fla. 4th DCA 2014) (quoting *Brandon v. State*, 768 So. 2d 1189, 1190 (Fla. 3d DCA 2000)).

Nor did the trial court err in refusing to strike the jury panel. The prospective juror simply indicated that she recognized defense counsel as being with the Public Defender's Office because she had interned at that office. She did not disparage the office or those represented by the office. Furthermore, the trial court gave a suitable curative instruction and inquired of the panel whether the comment would affect their judgment. Not a single juror raised a hand or otherwise indicated that this information had any impact. The defendant's claim that he was prejudiced by the jury panel learning he was represented by public defenders is pure speculation and not a ground for striking the panel.

## Conclusion

The trial court did not err in denying the defendant's motion to strike the jury panel/motion for mistrial. On this and the other issue raised in the defendant's appeal, we affirm.

*Affirmed.*

LEVINE, C.J., and DAMOORGIAN, J., concur.

\*   \*   \*

***Not final until disposition of timely filed motion for rehearing.***