545 So.2d 861 (1989)
David Duane PENTECOST, Appellant,
v.
STATE of Florida, Appellee.
No. 71851.
Supreme Court of Florida.
June 29, 1989.
*862 Michael E. Allen, Public Defender, and W.C. McLain, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and John M. Koenig, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
David Pentecost appeals his conviction of first-degree murder and sentence of death. We have jurisdiction pursuant to article V, section 3(b)(1), Florida Constitution. We affirm Pentecost's conviction but vacate his death sentence and direct the trial court to resentence him to life imprisonment with no possibility of parole for twenty-five years.
Late in the evening of December 15, 1986 Junevis Smith called the Pensacola Police Department to report that someone had broken into her home. After she yelled "David," Pentecost's first name, the phone went dead. The police reached Smith's house a few minutes later and found Smith lying in a pool of blood in her bedroom, dying from a stab wound to her head. A few blocks from Smith's house the police found a car belonging to Kimber Smith, Junevis' daughter and Pentecost's wife. The subsequent police investigation led to the arrests of Junevis' eighteen-year-old son, Kayle Smith, and her son-in-law, David Pentecost.
At trial testimony showed that Junevis had gained legal custody of Kimber's children and that Kimber and Kayle disliked their mother intensely and had discussed killing her. Kayle testified that he, Pentecost, and Kimber had been drinking heavily the evening of the crime and that he and Pentecost went to Junevis' home to kill her. When there, they broke in through the front door, and Pentecost stabbed his mother-in-law with Kayle's knife while Kayle remained outside the bedroom. Pentecost, on the other hand, testified that, although he originally confessed to protect Kayle, in reality, Kayle stabbed his mother.
The jury convicted Pentecost of first-degree murder, but recommended that he be sentenced to life imprisonment. The trial judge disagreed, however, and sentenced Pentecost to death.
As his first point on appeal, Pentecost claims that the trial court erred in refusing to grant his challenges for cause of two prospective jurors. Pentecost challenged four prospective jurors because of doubts as to their ability to give fair consideration to his defense of voluntary intoxication. Upon further inquiry the trial court determined that two of the four should be excused for cause. He found, however, that the other two could lay aside any possible prejudices and properly consider the evidence and follow the law.
"The test for determining juror competency is whether the juror can lay aside any bias or prejudice and render his verdict solely upon the evidence presented and the instructions on the law given to him by the court." Lusk v. State, 446 So.2d 1038, 1041 (Fla.), cert. denied, 469 U.S. 873, 105 S.Ct. 229, 83 L.Ed.2d 158 (1984). Determining a prospective juror's competency to serve is within a trial court's discretion. Davis v. State, 461 So.2d 67 *863 (Fla. 1984), cert. denied, 473 U.S. 913, 105 S.Ct. 3540, 87 L.Ed.2d 663 (1985). Our review of the record shows that the jurors Pentecost complains about met the Lusk standard and that the trial judge did not abuse his discretion.[1] We therefore find no error regarding this point.
Although Pentecost does not challenge the sufficiency of the evidence to support his conviction, we have reviewed the record with that sufficiency in mind. The record discloses that Pentecost's conviction is based on competent, substantial evidence. We therefore affirm the conviction of first-degree murder.
Turning to the sentencing phase, Pentecost argues that the trial court erred in overriding the jury's recommendation of life imprisonment and that the court erroneously solicited and considered statements from the victim's relatives.[2] We agree that the trial court should have followed the jury's recommendation.
"In order to sustain a sentence of death following a jury recommendation of life, the facts suggesting a sentence of death should be so clear and convincing that virtually no reasonable person could differ." Tedder v. State, 322 So.2d 908, 910 (Fla. 1975). We do not agree that "the facts suggesting a sentence of death" are clear and convincing in this case.[3] Testimony revealed that the victim's son and daughter expressed interest in killing their mother. Only Pentecost, however, came to trial for the crime. Kayle Smith had pled guilty and testified against Pentecost. While he denied any agreement with the state, he had not yet been sentenced and admitted that the state had presented no testimony against him at the sentencing hearing. Kimber Smith had left Florida and moved to Mexico. The disparate treatment of equally culpable accomplices can serve as a valid basis for a jury's recommending life imprisonment. E.g., Spivey v. State, 529 So.2d 1088 (Fla. 1988); Harmon v. State, 527 So.2d 182 (Fla. 1988); Caillier v. State, 523 So.2d 158 (Fla. 1988); DuBoise v. State, 520 So.2d 260 (Fla. 1988); Brookings v. State, 495 So.2d 135 (Fla. 1986); Malloy v. State, 382 So.2d 1190 (Fla. 1979). Also, the testimony could have raised in the jurors' minds the question of who actually stabbed the victim. E.g., Harmon; Hawkins v. State, 436 So.2d 44 (Fla. 1983); Malloy. Additionally, the jury heard considerable testimony as to Pentecost's alcohol and drug use, which a jury can properly consider. E.g., Amazon v. State, 487 So.2d 8 (Fla.), cert. denied, 479 U.S. 914, 107 S.Ct. 314, 93 L.Ed.2d 288 (1986); Norris v. State, 429 So.2d 688 (Fla. 1983). Pentecost also had no history of violence. After reviewing this record, we hold that the trial court did not follow the dictates of Tedder in sentencing Pentecost to death. We therefore affirm his conviction, but vacate his death sentence and direct the trial court to resentence him to life imprisonment with no possibility of parole for twenty-five years.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, GRIMES and KOGAN, JJ., concur.
*864 BARKETT, J., concurs with conviction, but concurs in result only with sentence.
NOTES
[1] Pentecost has demonstrated no prejudice on this issue. When the court denied these challenges for cause, he had numerous peremptory challenges remaining, but chose not to exercise any on these two people. To show reversible error, a defendant must show that all peremptories had been exhausted and that an objectionable juror had to be accepted. Rollins v. State, 148 So.2d 274 (Fla. 1963). See also Nibert v. State, 508 So.2d 1 (Fla. 1987). Pentecost cannot meet this test.
[2] Due to our ruling on the first point, we do not discuss the second point.
[3] The trial court found three aggravating factors (committed during burglary; heinous, atrocious, and cruel; and cold, calculated, and premeditated) and the nonstatutory mitigating factor of no significant history of violent activity. In his brief Pentecost states: "If any mitigating factors are present in the record, the trial judge must impose a life sentence in accordance with the [jury's] recommendation." In Ferry v. State, 507 So.2d 1373, 1376 (Fla. 1987), we stated: "When there are valid mitigating factors discernible from the record upon which the jury could have based its recommendation an override may not be warranted." We recede from any implication in Fead v. State, 512 So.2d 176, 178 (Fla. 1987), that an override is never warranted when valid mitigating factors exist.