PER CURIAM.
In Bell v. State, 528 So.2d 554, 555 (Fla. 4th DCA 1988), the district court certified the following question of great public importance:
WHERE A TRIAL JUDGE FINDS THAT THE UNDERLYING REASONS FOR VIOLATION OF PROBATION CONSTITUTE MORE THAN A MINOR INFRACTION AND ARE SUFFICIENTLY EGREGIOUS, MAY HE DEPART FROM THE PRESUMPTIVE GUIDELINES RANGE AND IMPOSE AN APPROPRIATE SENTENCE WITHIN THE STATUTORY LIMIT EVEN THOUGH THE DEFENDANT HAS NOT BEEN “CONVICTED” OF THE CRIMES WHICH THE TRIAL JUDGE CONCLUDED CONSTITUTED A VIOLATION OF HIS PROBATION.
The same court certified essentially the same question regarding violation of community control in Lambert v. State, 517 So.2d 133 (Fla. 4th DCA 1987), which we answered in the negative. Lambert v. State, 545 So.2d 838 (Fla.1989). The same reasoning applies here because an actual prior conviction is necessary to support a guidelines departure for a probation violation as well as for a violation of community control. We therefore answer the certified question in the negative, quash Bell, and direct a remand for resentencing within the guidelines.
It is so ordered.
EHRLICH, C.J., and McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
OVERTON, J., dissents.