584 So.2d 190 (1991)
Jesse JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1234.
District Court of Appeal of Florida, Fifth District.
August 15, 1991.
J. John Barker, Melbourne, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
W. SHARP, Judge.
Jones appeals from his convictions and sentences for escape[1] and two counts of resisting arrest without violence.[2] The jury found him not guilty in this case of two other offenses arising out of the same episode: inciting and encouraging a riot,[3] and trespass.[4] Jones argues that the trial court erred by not giving a special jury instruction requested by defense counsel that Jones could resist without violence an *191 unlawful arrest. We agree and reverse for a new trial.
All of these charges grew out of an altercation between Jones and two police officers (Nelson and Blovsky) just after dark, in the parking lot of the A & A Shopping Plaza in Melbourne, Florida. The police were responding to a "suspicious vehicle" call by a store employee. The employee pointed out Jones and his car.
The officers approached Jones and asked to see his driver's license and registration. All appeared to be in order. But, according to the police officers, Jones talked to them in a belligerent and rude manner, and a crowd of people (some thirty) began gathering to see what was going on.
Nelson became concerned for the officers' safety and called for backup. He warned Jones not to incite a riot. If the policemen's version of the events is taken as true (although very much controverted by Jones and numerous eyewitnesses), Nelson told Jones he was under arrest. Jones then ran away across the parking lot. The officers ran after him. The officers caught up with Jones, and handcuffed him, after some minor physical resistance.
The court gave the following instruction to the jury concerning resisting arrest:
Before you can find the Defendant guilty of obstructing or opposing an officer without violence, the State must prove the following three elements beyond a reasonable doubt: First, Jesse Jones resisted Officer Nelson and Officer Blovsky. Second, at the time Officer Nelson and Officer Blovsky were engaged in the lawful execution of a legal duty. Third, at the time Officer Nelson and Officer Blovsky were officers.
The Court now instructs you that every Melbourne police officer is an officer within the meaning of this law.

The Court further instructs you that arresting Jesse Jones for a crime constitutes a legal execution of a legal duty. (emphasis added)
Defense counsel argued below and on appeal that the instruction effectively removed the issue of whether or not Jones was legally arrested from consideration by the jury. Jones' primary defense to these charges was that he had been illegally arrested (without probable cause) and as such, he was entitled to resist the arrest without violence.
Defense counsel requested a special instruction that would have informed the jury that Jones had the right to resist an unlawful arrest without violence. This instruction was proffered in counsel's handwriting, but she offered to borrow the public defender's typewriter to put it in proper form. The trial court rejected the instruction on the merits rather than the format. We thus conclude defense counsel preserved this issue for appeal purposes.
Jones and the eyewitnesses to the events in the A & A Shopping Plaza parking lot testified to quite a different version of what transpired than did the police officers. If they and Jones were believed by the jury, the legality of Jones' arrest could have been challenged. Under current case law, that is a valid defense to resisting arrest without violence. Wimbley v. State, 567 So.2d 560 (Fla. 4th DCA 1990); Dion v. State, 564 So.2d 618 (Fla. 4th DCA 1990); Smith v. State, 399 So.2d 70 (Fla. 5th DCA 1981).
At the instruction conference, defense counsel also objected to the state's instruction on "escape" because it did not define the concept of "legal custody", and it assumed a person is in legal custody without regard to the legality of the arrest or whether it had been lawfully accomplished. The court gave the following instruction:
Before you can find the Defendant guilty of an escape, the State must prove the following three elements beyond a reasonable doubt: First, that Jesse Jones was under arrest and in the lawful custody of a law enforcement official. Second, while a prisoner, Jesse Jones was being transported to or from a place of confinement. Three, Jesse Jones escaped or attempted to escape by taking flight, intending to avoid lawful confinement.

*192 For purposes of this Statute, transportation to a place of confinement begins at the time the suspect is placed under arrest.
No special instruction was requested for escape by defense counsel, and this problem was not raised on appeal.
However, since the resisting arrest charges must be reversed for new trial, we conclude the escape charge should also be reversed for new trial. Trace v. State, 566 So.2d 611 (Fla. 4th DCA 1990); Carter v. State, 469 So.2d 194 (Fla. 2d DCA 1985). Based on this record, Jones can assert an affirmative defense questioning not only the lawfulness of his "arrest" but also his ensuing lawful "confinement,"[5] all of which arise out of the same facts and circumstances. In the interest of justice, Jones should be afforded this opportunity.
Accordingly, we reverse all three convictions and remand for new trial.
REVERSED and REMANDED.
PETERSON, J., concurs.
COWART, J., dissents without opinion.
NOTES
[1] § 944.40, Fla. Stat. (1987).
[2] § 843.02, Fla. Stat. (Supp. 1988).
[3] § 870.01(2), Fla. Stat. (1987).
[4] § 810.09, Fla. Stat. (Supp. 1988).
[5] State v. Williams, 444 So.2d 13 (Fla. 1984).