711 So.2d 69 (1998)
Alvin Lewis GREEN, Appellant,
v.
STATE of Florida, Appellee.
No. 97-0051.
District Court of Appeal of Florida, Fourth District.
April 8, 1998.
*70 Patricia K. Allen, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
This is an appeal from a judgment and sentence entered against appellant after a jury had found him guilty of two counts of robbery with a firearm, one count of attempted first degree murder and one count of attempted second degree murder. We affirm.
Appellant first argues that the trial court erred by denying his motion to suppress the victim's pretrial identification of him because the identification procedure was impermissibly suggestive. The state responds that appellant did not preserve this issue because he failed to object to use of the pretrial identification at trial.
Although appellant moved to suppress the identification prior to trial, he did not renew his objection at trial. Failure to object at trial to admission of contested evidence waives the defendant's right to claim on appeal the evidence was erroneously admitted. See Roban v. State, 384 So.2d 683, 684-685 (Fla. 4th DCA 1980); Witt v. State, 388 So.2d 1, 1 (Fla. 4th DCA 1980); Bonham v. State, 450 So.2d 269 (Fla. 3d DCA 1984). As a result, appellant did not preserve this issue for appeal.
Appellant next argues that the court should have excluded the pretrial identification because his counsel was not notified that a court proceeding was going to be used as the method of pretrial identification. The state again argues appellant did not preserve this issue.
Appellant did not present this argument to the court at the hearing on the motion to suppress the pretrial identification or at trial. In order to preserve an issue for appeal, the specific legal argument or ground upon which it is based must be presented to the trial court. Occhicone v. State, 570 So.2d 902, 906 (Fla.1990) (quoting Bertolotti v. Dugger, 514 So.2d 1095, 1096 (Fla.1987)). Therefore, this issue is not preserved for appellate review.
Appellant finally argues that the trial court erred in refusing to excuse two of the three jurors he challenged for cause. After the court refused to excuse the two jurors for *71 cause, appellant used two of his peremptory challenges to have them removed.
Where a defendant seeks reversal based on a claim that he was wrongfully forced to exercise his peremptory challenges, he must show that all peremptory challenges had been exhausted and that an objectionable juror had to be accepted. Trotter v. State, 576 So.2d 691, 693 (Fla.1990) quoting, Pentecost v. State, 545 So.2d 861, 863 n. 1 (Fla.1989). Appellant did not exhaust all of his peremptory challenges in the instant case; therefore, he was not forced to accept an unacceptable juror. Id. As a result, appellant has failed to demonstrate reversible error.
GLICKSTEIN, WARNER and SHAHOOD, JJ., concur.