805 So.2d 997 (2001)
Errol CRAWFORD, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-1319.
District Court of Appeal of Florida, Second District.
December 12, 2001.
Rehearing Denied January 11, 2002.
*998 Frank D.L. Winstead of Law Offices of Frank D.L. Winstead, New Port Richey, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and John M. Klawikofsky, Assistant Attorney General, Tampa, for Appellee.
FULMER, Acting Chief Judge.
Errol Crawford appeals his conviction for attempted second-degree murder. We reverse and remand for a new trial because the trial court erred in denying Crawford's cause challenge to a potential juror.
Crawford argues that the trial court erred in denying his challenge to prospective juror Elledge. Elledge initially responded to a question from the court about having been a crime victim. He explained that he had been a manager of a drug store and had been held up at gunpoint twice. He indicated that as a result of those experiences he did not think that he could serve fairly and impartially. When the State followed up, Elledge indicated that he had a problem with the allegation that a firearm was involved in the present case. He stated that a gun had been put to his face on two occasions, and he had a "very low tolerance for it."
The State attempted to rehabilitate Elledge, and he then indicated, "I think I can be objective." He stated: "You know, I'm just saying, in my own situation, I know how I felt, so I just hope I don't portray it into this case. I think I can be objective." Later, when the defense questioned Elledge, he again indicated that because of the firearm allegation, he had some doubt about whether he could be objective.
In denying the cause challenge to Elledge, the trial court found that Elledge had a potential bias involving guns, but that he had been rehabilitated. Elledge sat on the jury after the defense requested and was denied an additional peremptory challenge to use against him.
The cause challenge was adequately preserved because this is not a case like Joiner v. State, 618 So.2d 174 (Fla.1993), where the defense counsel affirmatively accepted the jury prior to being sworn, leading to a reasonable assumption that he had abandoned his earlier objection. See Gootee v. Clevinger, 778 So.2d 1005, 1009 (Fla. 5th DCA 2000) (distinguishing Joiner).
Generally, the question of a challenged juror's competency is a mixed question of law and fact; the decision of the trial court should not be disturbed unless the error is manifest. Hill v. State, 477 So.2d 553, 556 (Fla.1985). A potential juror should be excused on motion of a party if there is any reasonable doubt that the juror possesses "that state of mind which will enable him to render an impartial verdict based solely on the evidence submitted and the law announced at the trial." Id. at 555 (quoting Singer v. State, 109 So.2d 7 (Fla.1959)). A trial court's ruling on a cause challenge will be sustained on appeal absent an abuse of discretion. Kessler v. State, 752 So.2d 545 (Fla.1999).
Based on Elledge's equivocal responses, we disagree with the trial court's conclusion that Elledge was sufficiently rehabilitated to serve on the jury. See, e.g., Bryant v. State, 656 So.2d 426 (Fla.1995) (holding that it was error to deny cause challenge because although juror stated he could follow court's instructions, his other responses were sufficiently equivocal to cast doubt); Hamilton v. State, 547 So.2d 630 (Fla.1989) (holding that it was error to deny cause challenge to juror who indicated she had a preconceived opinion of the defendant's guilt, even though juror eventually *999 stated she could base her verdict on the evidence and law); Imbimbo v. State, 555 So.2d 954 (Fla. 4th DCA 1990) (reversing denial of cause challenge where juror admitted that she "probably" would be prejudiced but "probably" could follow the judge's instructions). There was reasonable doubt as to Elledge's ability to be impartial in a case involving the use of a firearm; therefore, the trial court should have excused him for cause.
Crawford also argues that the trial court erred in denying a cause challenge to another prospective juror, Rhoden. Rhoden indicated that she took medication which made her drowsy and could cause her to miss some of the presentation. However, she acknowledged that she had served as a juror in a civil case in the past while she was taking the same medication. When asked if she had problems in that case, she replied: "Not really. There were enough breaks at that time that when I felt myself getting drowsy, there was a break, and that would pass." Rhoden could not state unequivocally that the medication would not cause her to miss some of the evidence, commenting that "it happens." Initially, the State moved to strike Rhoden for cause and Crawford immediately joined in the request. The trial court denied both motions to strike juror Rhoden for cause.
Section 913.03, Florida Statutes (2000), provides a list of grounds to challenge individual jurors for cause. Subsection (2) provides for a cause challenge when "[t]he juror is of unsound mind or has a bodily defect that renders him or her incapable of performing the duties of a juror." Whether the trial court erred in failing to excuse juror Rhoden is a close question. And, given the fact that both the State and Crawford moved to strike her, we think the better practice would have been to grant the motion. Nevertheless, we cannot say that the trial court abused its discretion in denying the challenge because Rhoden's potential incapacity is one that could be monitored and guarded against with sufficient observation and breaks.
We reverse for a new trial based on the trial court's denial of the cause challenge to juror Elledge.
Reversed and remanded.
GREEN and CASANUEVA, JJ., Concur.