855 So.2d 1169 (2003)
Terry IVEY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-3932.
District Court of Appeal of Florida, Fifth District.
October 3, 2003.
James B. Gibson, Public Defender, and Thomas J. Lukashow, Assistant Public Defender, Daytona Beach, for Appellant.
*1170 Charles J. Crist, Jr., Attorney General, Tallahassee, and Rebecca Rock McGuigan, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, J.
This is the appeal of a judgment and sentence based on appellant's contention that the trial court erred in denying his motion to strike a juror for cause. Because the record does not support the trial court's decision to deny the challenge for cause, we reverse.
Terry Ivey ["Ivey"] was charged with armed burglary of a dwelling and obstructing an officer without violence. After a jury trial, the jury found Ivey guilty as charged.
At trial, during the State's voir dire examination, the following occurred:
[State]: All right. The last thing I want to talk to you about is ability to convict. Some people for religious reasons, philosophical reasons, feel like they don't want to sit in judgment of another person's actions. And I want to be clear here. You are sitting in judgment of another person's actions. You are determining facts. You don't determine sentence. You don't pass judgment on a person. You are determining facts and whether the state's proved its case. Does anybody feel like for religious reasons, philosophical reasons, any kind of reason that they just really can't sit and determine facts?
* * *
[Juror Anthony]: I don't want to do that. I don't think I should have to determine somebody if they are guilty or not guilty.
Later on in voir dire examination, Ivey's defense counsel had the following dialogue with Juror Anthony:
[Defense counsel]: I know that you stated that you don't think that you should be the one to determine guilt, that's a moral objection that you have, ma'am?
[Juror Anthony]: Yeah.
[Defense counsel]: Based on what I stated earlier that it's [the State's] job to present [its] case and prove [its] case beyond and to the exclusion of a reasonable doubt, ultimately it would be up to Judge Monaco to determine what sentence would be appropriate in the case, could you be fair and impartial to both [the State] and Mr. Ivey?
[Juror Anthony]: I don't know. I don't know.
During jury selection, the following exchange was had:
[Defense counsel]: Judge, we would challenge Ms. Anthony for cause. She doesn't think that she should determine guilt, doesn't know if she would be fair and impartial.
[Court]: What's the State's say on it?
[State]: I thought actually [Defense counsel] rehabilitated her.
[Court]: I did, too, that's why I'm asking.
[State]: I object.
[Court]: Yeah, I'm not going to grant her on that basis.
[Defense counsel]: We would excuse Ms. Anthony, Judge.
Subsequently, when discussing Juror Kimmel, defense counsel requested an additional peremptory strike since the court denied his motion for cause on Juror Anthony. *1171 The court denied this request and Juror Kimmel was accepted by the State to become a member of the jury panel. Before the jury was sworn in, defense counsel objected to the jury panel based on the denial of the challenge for cause and the denial of the additional peremptory strike. This objection was also denied.
Ivey urges on appeal that the trial court erred in failing to strike Juror Anthony for cause because during voir dire examination she stated that she did not think she should determine guilt and she did not know if she could be fair. Ivey further argues that it was also reversible error to deny his motion to strike Juror Anthony for cause without granting him an additional peremptory challenge to strike Juror Kimmel. For its part, the State concedes what words were spoken, but argues that, unlike the appellate court, the trial court could observe the body language and inflection in Juror Anthony's statements and may have found rehabilitation there.
Juror competency is determined by whether or not the juror "can lay aside any bias or prejudice and render a verdict solely on the evidence presented and the instructions on the law given by the court." Kearse v. State, 770 So.2d 1119, 1128 (Fla. 2000); Lusk v. State, 446 So.2d 1038 (Fla. 1984). If there is reasonable doubt as to whether the juror has the ability to be impartial, that juror is incompetent and must be excused for cause. Id.; Bryant v. State, 656 So.2d 426 (Fla.1995).
A trial court is afforded great discretion in ruling on challenges of jurors for cause. Gore v. State, 706 So.2d 1328, 1332 (Fla.1997) (citing Pentecost v. State, 545 So.2d 861 (Fla.1989)). An appellate court will not overturn a trial court's determination of competency in the absence of "manifest error." Smith v. State, 699 So.2d 629 (Fla.1997). Manifest error occurs when "the trial judge fails to excuse a juror for cause when the juror responds with equivocal or conditional answers, thus raising a reasonable doubt as to whether the prospect possesses the requisite state of mind necessary to render an impartial decision." Salgado v. State, 829 So.2d 342, 344 (Fla. 3d DCA 2002). A trial court's decision to deny a challenge for cause will be upheld on appeal if there is competent record support for that decision. Gore, 706 So.2d at 1332-1333; Van Poyck v. Singletary, 715 So.2d 930 (Fla.1998). This is because "the trial court has a unique vantage point in the determination of juror bias. The trial court is able to see the jurors' voir dire responses and make observations which simply cannot be discerned from an appellate record." Smith, 699 So.2d at 635-636 (citing Taylor v. State, 638 So.2d 30, 32 (Fla.1994)). Although we readily cede to the trial court the primacy of personal observation, these decisions are not completely unreviewable. Here, the record shows clearly that the answers given by Juror Anthony were equivocal: "I don't know. I don't know." It is difficult to imagine how any observation of the witness as she spoke these words could convert them into an affirmative response or support the State's claim of rehabilitation. We are bound, therefore, to reverse and remand for a new trial.
REVERSED and REMANDED.
SHARP, W. and PETERSON, JJ., concur.