907 So.2d 582 (2005)
Antonio SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-1809.
District Court of Appeal of Florida, Fifth District.
July 15, 2005.
*583 James S. Purdy, Public Defender, and Rosemarie Farrell, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ann M. Phillips, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, J.
Antonio Smith appeals his convictions and sentences for possession of cocaine with intent to sell or deliver, use or possession of drug paraphernalia, and resisting an officer without violence. Smith contends the trial court erred when it refused to strike two prospective jurors for cause and denied his request for an additional peremptory challenge. We agree and reverse for a new trial.
Smith challenged prospective jurors Teddy Forber and Jere Spurlin for cause, arguing that there was a reasonable doubt that they lacked impartiality based on their answers to questions posed to them. During voir dire, prospective juror Forber candidly admitted that he believed that if a person was arrested, the person must be guilty of committing a crime:
[THE STATE]: Okay; are you saying that in order for you to believe that the State has met its burden that you would have to have no doubt in your mind, whatsoever, unless all of the elements were proved?
MR. FORBER: In a way, but I always thought that if you were arrested and came to court, you're guilty.
[THE STATE]: Okay. Well, then, just for the fact that Mr. Smith is here today, *584 would you think he is guilty of a crime?
MR. FORBER: Yes; in a way, because why would he be here?
. . . .
[DEFENSE COUNSEL]: Mr. Forber, earlier you talked about if you are arrested by the police, you've done something wrong. Am I remembering that right?
MR. FORBER: Yes.
[DEFENSE COUNSEL]: Is that something you're going to keep in the back of your head while you're hearing Mr. Smith's case to determine if he gets a fair trial?
MR. FORBER: If he really did something wrong.
Prospective juror Spurlin provided his beliefs concerning the concept of "reasonable doubt" and stated that in his thirty-seven years of law enforcement, he had never arrested anyone that he thought was not guilty, and would bring that belief into the jury room:
[THE STATE]: Mr. Spurlin, what about you, sir?
MR. SPURLIN: Reasonable means reasonable. I don't think you have to have concrete evidence. I think it's what a reasonable person would believe, and I think I'm reasonable.
[THE STATE]: From what you're saying, there is a little bit  Well, there's room improving the elements beyond all doubt?
MR. SPURLIN: Beyond a reasonable doubt. I think the word reasonable is there for a reason.
. . . .
[THE STATE]: Well, I'd like to think that's the facts of your case; but either way, did you ever arrest someone you didn't think really did it?
MR. SPURLIN: I can't remember in thirty-seven years ever arresting anybody that I thought didn't do it.
[THE STATE]: Every one? Never a false ID, or misidentification?
MR. SPURLIN: No.
[THE STATE]: Are you going to carry that same belief into the jury room with you?
MR. SPURLIN: Yes.
Prospective juror Spurlin also said that he would rather sacrifice an innocent person rather than free a guilty one:
[THE STATE]: Mr. Spurlin, same question I asked of Mr. Martin. Would you rather have a system that let the guilty go free knowing that you wouldn't convict an innocent person; or would you sacrifice some of the innocent people to get the guilty people?
MR. SPURLIN: I think I'll go with plan b.
Based on these answers, Smith exercised two peremptory challenges to excuse prospective jurors Forber and Spurlin after the court refused his challenges for cause. The court also denied Smith's subsequent request for an additional peremptory to remove prospective juror Philo. Mr. Philo ultimately served on the panel.[1]
*585 The competency of a juror presents a mixed question of law and fact, the resolution of which is within the trial court's discretion and will not be disturbed on appeal without a showing of manifest error. See Fernandez v. State, 730 So.2d 277, 281 (Fla.1999); Smith v. State, 699 So.2d 629, 636 (Fla.1997). The test for determining juror competency is whether the juror can lay aside any bias or prejudice and render a verdict solely on the evidence presented and the instructions on the law given by the court. Busby v. State, 894 So.2d 88, 95 (Fla.2004); see Smith, 699 So.2d at 635; Lusk v. State, 446 So.2d 1038, 1041 (Fla.1984). If there is reasonable doubt as to whether the juror has the ability to be impartial, that juror is incompetent and must be excused for cause. See Bryant v. State, 656 So.2d 426, 428 (Fla.1995); Hill v. State, 477 So.2d 553, 556 (Fla.1985). "Close cases should be resolved in favor of excusing the juror rather than leaving a doubt as to his or her impartiality." Weinstein Design Group, Inc. v. Fielder, 884 So.2d 990, 994 (Fla. 4th DCA 2004) (quoting Bryant v. State, 765 So.2d 68, 71 (Fla. 4th DCA 2000)).
We conclude that prospective jurors Forber and Spurlin's responses were sufficient to create a reasonable doubt as to their impartiality. Admittedly, the State attempted to rehabilitate these prospective jurors and they said they could follow the jury instructions and be fair and impartial. However, based on the totality of the answers given, we find a reasonable doubt as to the ability of these two prospective jurors to serve impartially in this case. Consequently, they should have been stricken for cause. See, e.g., Somerville v. Ahuja, 902 So.2d 930 (Fla. 5th DCA 2005) (holding that prospective jurors should have been excused for cause because they did not affirmatively state that their bias against the plaintiffs would not affect their ability to render an impartial verdict); Bell v. Greissman, 902 So.2d 846 (Fla. 4th DCA 2005) (holding that new trial is required where reasonable doubt existed as to whether juror possessed requisite state of mind necessary to render impartial decision); Montozzi v. State, 633 So.2d 563 (Fla. 4th DCA 1994) (finding that as a matter of law, juror's candid admission about her experience and the feelings it had imprinted on her raised a reasonable doubt as to her ability to remain fair and impartial, as is constitutionally required).
We also find that the trial court erred in instructing the jury "that detaining defendant constitutes lawful execution of a legal duty." Contrary to the State's argument, the court's instruction to the jury did not state that detaining a suspect constituted the lawful execution of a legal duty, if the detention was legally justified. Rather, the court's instruction said that the detention of "defendant"  this particular defendant, Smith, constituted the lawful execution of a legal duty. By instructing the jury that Smith's detention constituted the lawful execution of a legal duty, the trial court, in effect, took the issue of the lawfulness of his arrest from the jury and directed a verdict for the State. See Royster v. State, 643 So.2d 61 (Fla. 1st DCA 1994); Hierro v. State, 608 So.2d 912 (Fla. 3d DCA 1992); Jones v. State, 584 So.2d 190, 191 (Fla. 5th DCA 1991).
REVERSED and REMANDED.
PLEUS, C.J. and SAWAYA, J., concur.
NOTES
[1] Contrary to the State's argument, we conclude that Smith adequately preserved this issue for appeal. See Crawford v. State, 805 So.2d 997 (Fla. 2d DCA 2001); Gootee v. Clevinger, 778 So.2d 1005 (Fla. 5th DCA 2000). Smith preserved the error by showing that he exhausted all of his peremptory challenges, by requesting an additional peremptory challenge, which was denied, and by identifying a specific juror whom he would have excused if possible, but who ultimately served on the panel. See Trotter v. State, 576 So.2d 691, 693 (Fla.1990); see also Busby v. State, 894 So.2d 88, 92 (Fla.2004); Conde v. State, 860 So.2d 930, 942 (Fla.2003).