KLEIN, J.
Appellant was convicted of robbery with a deadly weapon; however, the trial court erred in limiting his impeachment of a witness, and we reverse for a new trial.
The witness, who had participated in the crime and entered a plea, testified against the defendant. The subject of the impeachment was that, when the witness was eighteen, he had been convicted of having sex with a sixteen year old, in another state, where it was a misdemean- or. Defendant recognizes that section 90.610, Florida Statutes (2004), which allows impeachment by prior felony convictions or convictions of other crimes involving dishonesty, would not apply. He argues, however, that the witness opened the door by volunteering, on more than *1156 one occasion, that before this crime he had never been in trouble. In order to open the door to this type of evidence, the witness “must first offer misleading testimony or make a specific factual assertion which the [opposing party] has the right to correct so that the jury will not be misled.” Robertson v. State, 829 So.2d 901, 913 (Fla.2002).
We agree with the defendant that this witness, by volunteering that he had never been in trouble before, did open the door to this conviction, which would not have otherwise been admissible. Mosley v. State, 739 So.2d 672, 677 (Fla. 4th DCA 1999) (citing a number of cases in which a witness was impeached after minimizing his criminal past). We cannot agree with the state that the error was harmless, because the testimony of this witness was critical. Reversed.
STONE and SHAHOOD, JJ., concur.