982 So.2d 1239 (2008)
Kelly STEVENS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-1610.
District Court of Appeal of Florida, Fifth District.
May 30, 2008.
James S. Purdy, Public Defender, and Robert E. Wildridge, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Appellant challenges his convictions for battery on a law enforcement officer and resisting arrest without violence. Although Appellant raises other issues, we determine that only one issue merits discussion. *1240 Citing our decision in Smith v. State, 907 So.2d 582 (Fla. 5th DCA 2005), Appellant challenges the sufficiency of the jury instruction on the resisting officer without violence count.[1] In Smith, the objectionable component of the jury charge provided "that detaining defendant constitutes lawful execution of a legal duty." We held that this charge was error because it "took the issue of the lawfulness of [the defendant's] arrest from the jury and directed a verdict for the State." Id. at 585.
Here, the charge is not similarly erroneous. It provides as follows:
If you find from the evidence beyond a reasonable doubt that [the police officers] were engaged in the act of arresting the defendant based on probable cause, such conduct constitutes a lawful execution of a legal duty.
"Probable cause" exists where the totality of the facts and circumstances within an officer's knowledge would cause a person of reasonable caution to believe that a criminal offense had been committed by the person who was being arrested.
(Emphasis supplied). This charge does not direct the jury to reach a conclusion on the issue of the lawfulness of the arrest. It expressly charges the jury with the responsibility of determining whether the arrest was based upon probable cause and, therefore, lawful.[2]
We have carefully reviewed the other issues raised by Appellant and find them to be without merit.
AFFIRMED.
SAWAYA, TORPY and EVANDER, JJ., concur.
NOTES
[1] Appellant's challenge is actually directed to the instruction on the battery count. It is clear from Appellant's argument, however, that the purportedly objectionable language is contained in the resisting an officer charge, not the battery charge.
[2] We do not interpret Smith to hold that the mere reference to "the defendant" constitutes reversible error. Although it might have been preferable to use a more generic reference like "arrest of an individual," the use of this instruction in this case adequately informed the jury of the law without usurping the jury's responsibility to determine if the arrest was lawful. For this reason, we distinguish cases such as Royster v. State, 643 So.2d 61 (Fla. 1st DCA 1994), and Hierro v. State, 608 So.2d 912 (Fla. 3d DCA 1992).