MONACO, J.
 

 The appellant, Alexie Ibarrondo, appeals the judgment and sentence arising out of his conviction of driving under the influence with three prior convictions for that offense, and his conviction of driving while license suspended with two prior convictions for that offense. Mr. Ibarrondo argues that the trial court made numerous errors during his trial that require a reversal. We agree that the trial court committed two errors that require a reversal, and we address a third issue for the benefit of the trial court upon retrial. On all other matters raised by the appellant, we affirm.
 

 
 *229
 
 I. SEATING OF AN INAPPROPRIATE JUROR.
 

 Mr. Ibarrondo first asks us to consider whether the trial court committed error by refusing to strike a juror for cause. We conclude that the trial court erred in this connection.
 

 During the course of the voir dire examination of the prospective jurors who were summoned for Mr. Ibarrondo’s trial, one of the prospective jurors opined rather steadfastly that he would give more credibility to a police officer than to the defendant. In an attempt to rehabilitate the potential juror, the prosecutor continued to question him, as follows:
 

 PROSECUTOR: Would you still give that same level of belief to somebody you don’t know that could be a state witness, just the same as the law enforcement officer, but just doesn’t wear the uniform the law enforcement does? Does that make sense?
 

 MR. DONAHUE: It does. I guess if you put them on a scale, I would say probably I would tend to give the officer more creed — more credible [sic] than someone (inaudible). (Inaudible) on a scale, so to speak, but if you put them on a scale (inaudible) I would side with the officer.
 

 The prosecutor did get the potential juror to agree that he would wait for a witness to testify before considering his or her credibility. On questioning by the defense, however, the venire person again indicated that if a law enforcement officer testified, he would consider him to be “more believable or carries greater weight than the testimony of someone who is not wearing a uniform.”
 

 The defense moved to strike the potential juror for cause. The prosecutor asserted that she had inquired “if [he] would evaluate everyone equally before he made that decision, and he said he would, and he would evaluate everyone fairly. That he would hope that law enforcement officers would be more credible, which, I think, is a feeling everyone in society should have.” The trial court denied the challenge for cause “simply because [the potential juror] said that he could be fair.” In view of the denial of his strike for cause, defense counsel requested an additional peremptory challenge to exercise on the subject juror. The trial court asked if the next juror in line was acceptable to the defense and defense counsel answered affirmatively. The prosecutor, however, insisted on the use of the subject juror primarily because the defense had exhausted all of its peremptory challenges. The trial court announced the line-up of jurors, including the challenged juror, and asked if the parties had any objections. Defense counsel stated that the jurors announced were not acceptable and objected to the panel as a whole. The objection was acknowledged and the jury sworn in. We conclude that defense counsel properly preserved the error for review.
 

 “The test for determining juror competency is whether the juror can lay aside any bias or prejudice and render his verdict solely upon the evidence presented and the instructions on the law given to him by the court.”
 
 Lusk v. State,
 
 446 So.2d 1038, 1041 (Fla.),
 
 cert. denied,
 
 469 U.S. 873, 105 S.Ct. 229, 83 L.Ed.2d 158 (1984);
 
 see also Busby v. State,
 
 894 So.2d 88, 95 (Fla.2004),
 
 cert. denied,
 
 545 U.S. 1150, 125 S.Ct. 2976, 162 L.Ed.2d 906 (2005);
 
 Dorsey v. Reddy,
 
 931 So.2d 259, 265 (Fla. 5th DCA 2006);
 
 Smith v. State,
 
 907 So.2d 582, 585 (Fla. 5th DCA 2005);
 
 Ivey v. State,
 
 855 So.2d 1169, 1171 (Fla. 5th DCA 2003). The Florida Supreme Court has made clear, however, that a juror should be excused for cause if there is any reasonable doubt about his or her ability to render an impartial verdict.
 
 *230
 

 Carratelli v. State,
 
 961 So.2d 312, 818 (Fla. 2007). More specifically, the high court has instructed that a strike for cause should be granted when “there is basis for any reasonable doubt” that the juror had “that state of mind which w[ould] enable him to render an impartial verdict based solely on the evidence submitted and the law announced at the trial”.
 
 Id.
 
 at 318 (quoting
 
 Singer v. State,
 
 109 So.2d 7, 23-24 (Fla.1959));
 
 see also Ault v. State,
 
 866 So.2d 674, 683 (Fla.2003);
 
 Reid v. State,
 
 972 So.2d 298 (Fla. 4th DCA 2008);
 
 Smith,
 
 907 So.2d at 585.
 

 Our supreme court has further observed that: “A juror is not impartial when one side must overcome a preconceived opinion in order to prevail.”
 
 Hill v. State,
 
 477 So.2d 553, 556 (Fla.1985). In the event that a juror’s impartiality is ambiguous or uncertain, the issue of whether a strike for cause should be granted is to be resolved in favor of excusing the juror.
 
 Carratelli,
 
 961 So.2d at 318. If, on the other hand, the juror declares, and the court determines that the juror “can render an impartial verdict according to the evidence,” a challenge for cause should not be granted.
 
 Dorsey,
 
 931 So.2d at 265 (quoting
 
 Guzman v. State,
 
 934 So.2d 11, 15 (Fla. 3d DCA 2006) (citing § 913.03(10), Fla. Stat. (2003))),
 
 review denied,
 
 945 So.2d 1290 (Fla.2006). The goal, after all, is to obtain a fair and impartial jury to try the issues brought before it.
 

 The Florida Supreme Court has warned that the “statement of a juror that he can readily render a verdict according to the evidence, notwithstanding an opinion entertained, will not alone render him competent if it otherwise appears that his formed opinion is of such a fixed and settled nature as not readily to yield to the evidence.”
 
 See Hill,
 
 477 So.2d at 555-556 (citing
 
 Singer,
 
 109 So.2d at 22) (quoting
 
 Olive v. State,
 
 34 Fla. 203, 206, 15 So. 925, 926 (1894)). Nonetheless, because the trial court is in the best position to observe the attitude and demeanor of the juror and to gauge the quality of the juror’s responses, if there is competent evidence in the record for the trial court’s conclusions regarding rehabilitation, an appellate court should generally defer to the judge with the better vantage point.
 
 Dufour v. State,
 
 905 So.2d 42, 54 (Fla.2005) (citing
 
 Johnson v. State,
 
 660 So.2d 637, 644 (Fla.1995)).
 

 Here, the prospective juror initially stated that he would give more credibility to a testifying police officer than to other witnesses addressing the same subject. He was then rehabilitated to some extent by the prosecution, but upon examination by the defense, restated his partiality for police officers. This is precisely what occurred in
 
 Henry v. State,
 
 756 So.2d 170 (Fla. 4th DCA 2000). Our sister court noted there that it has “frequently required that a juror be dismissed for cause where there is a reasonable doubt as to his or her impartiality.”
 
 Id.
 
 at 172. As there is reasonable doubt respecting the ability of the challenged juror to be impartial, we conclude that the trial court erred in seating that person as a juror, and that, accordingly, a reversal is required.
 

 II. JURY VIEW OF A COURT FILE.
 

 Mr. Ibarrondo also urges this court to reverse his judgment and sentence because his constitutional right to a fair trial was abridged when the trial court allowed the jury to examine a court file of one of his prior DUI convictions. The facts in this connection are bizarre.
 

 In order to prove that Mr. Ibarrondo had previously been convicted of the crime of driving under the influence, an element in the crime of felony DUI, the State asked the trial court to take judicial notice of an earlier court file concerning that conviction. The State then asked that the
 
 *231
 
 court file be published to the jury. The defense objected because nothing in the court file had been admitted into evidence, no documents had been authenticated, and the giving of the file to the jury would allow them to be influenced by the information contained in the file beyond the simple fact of the conviction. After the trial court admitted the entire file into evidence, this odd colloquy followed:
 

 The Court: Madame State Attorney, for the purposes of this hearing, are you introducing that into evidence?
 

 The State: I would. I just don’t know I can, based that it is not my file, it’s a court file.
 

 The Court: I know what it is.
 

 The State: So I would introduce it into evidence, I just can’t.
 

 The Court: Well, you referred to it. Do you have additional files?
 

 The State: No, Your Honor. That’s going to be the only one I submit to the jury.
 

 The Court: All right. That’s fine. Well, I’ll let it in for the limited purpose of this hearing, and you all can examine it as much as you want.
 

 At that point the State rested, and defense counsel asked that the record reflect that the jury was reading through the court file. The trial court responded:
 

 Well, sure, they are. That’s why I gave it to them. I’m going to let them take it back to the jury room and let them read it as much as they want or as little as they want.
 

 The defense again objected on the grounds of “relevance, prejudice, probative value ... [a]nd any other grounds that [he could] think of, but [couldn’t] think of right [then].” The trial court then commented rather cynically, “Well, can you think of it? I’ll try to think of something for you. Everything the state has is prejudicial. There may be some exculpatory evidence in there. I don’t know, I haven’t examined it. But that’s not my call either.” To make matters worse, the prosecutor, over defense objection, specifically invited the jury to examine the evidence of Mr. Ibar-rondo’s prior convictions. That objection was overruled because the file had been admitted into evidence, and the court held that the State was simply commenting on the evidence.
 

 A court file of a prior conviction is rife with inadmissible information, and its admission into evidence under the guise of trying to prove a prior conviction is simply astonishing. Court files typically contain abundant hearsay, charging affidavits, pri- or bad acts information, opinions of law enforcement officers, witness information, rulings on motions and other documents that are utterly inadmissible. The publishing of this information to the jury was an affront to fairness and is clearly reversible.
 

 III. ADMISSION OF THE DRIVING RECORD.
 

 Even though we are reversing the judgment and sentence in this case and remanding the matter for a new trial, we are obliged to address another significant issue that arose in this case because it is likely to arise again at the retrial of Mr. Ibarrondo. The issue to be resolved is whether the trial court erred in admitting a certified copy of the appellant’s driving record as proof that he had three prior DUI convictions. This issue necessarily implicates the constitutionality of section 316.193(12), Florida Statutes (2007). We hold that the statute is constitutional, but certify a question to the Florida Supreme Court for consideration.
 

 Mr. Ibarrondo was charged with a violation of section 316.193, Florida Statutes (2004), driving under the influence. That
 
 *232
 
 statute prohibits driving or being in actual physical control of a vehicle while under the influence of alcoholic beverages or certain prohibited chemical or controlled substances, when affected to the extent that the person’s normal faculties are impaired. Subparagraph 3(b) of that statute provides that:
 

 1. Any person who is convicted of a third violation of this section for an offense that occurs within 10 years after a prior conviction for a violation of this section commits a felony of the third degree punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
 

 Ordinarily the State proves the required prior convictions by introducing certified copies of the prior judgments of conviction, together with fingerprint or other evidence associating the defendant with the prior convictions. In this case, however, the State took advantage of section 316.193(12), Florida Statutes (2007), which authorizes the admission of the records of the Department of Highway Safety and Motor Vehicles to show that a defendant has been previously convicted of the offense of driving under the influence. The full text of this subparagraph is as follows:
 

 If the records of the Department of Highway Safety and Motor Vehicles show that the defendant has been previously convicted of the offense of driving under the influence, that evidence is sufficient by itself to establish that prior conviction for driving under the influence. However, such evidence may be contradicted or rebutted by other evidence. This presumption may be considered along with any other evidence presented in deciding whether the defendant has been previously convicted of the offense of driving under the influence.
 

 As he did at trial in his motion for judgment of acquittal, Mr. Ibarrondo attacks the constitutionality of this statute, and by implication, the validity of his conviction for felony driving under the influence.
 

 From an historical perspective this statute was apparently developed to streamline the process of producing reliable evidence of a defendant’s prior convictions for the offense of driving under the influence. Mr. Ibarrondo posits, however, that the statute goes too far and, as used in the present case, shifted the burden of proof to him. The State failed to address the due process aspects of the statute in its answer brief, but argues only that the information contained in a driving record is sufficiently reliable for evidentiary purposes. We begin our analysis by considering the differences between inferences and presumptions.
 

 Inferences and presumptions are common evidentiary devices frequently encountered in our adversary system.
 
 County Court of Ulster County, N.Y. v. Allen,
 
 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979). A presumption permits or requires a fact finder to assume the existence of a presumed or ultimate fact after certain basic or preliminary facts have already been established.
 
 People v. Watts,
 
 181 Ill.2d 133, 229 Ill.Dec. 542, 692 N.E.2d 315, 320 (Ill.1998). Presumptions are usually considered to be either permissive or mandatory. A permissive presumption is often referred to in our jurisprudence as an inference. It allows but does not require the fact finder to infer the existence of an elemental fact from proof of a basic fact without placing any burden on the defendant.
 
 Allen,
 
 442 U.S. at 157, 99 S.Ct. 2213. The United States Supreme Court in
 
 Allen
 
 has explained in this connection that:
 

 Because this
 
 permissive presumption
 
 leaves the trier of fact to credit or reject the
 
 inference
 
 and does not shift the burden of proof, it affects the application of
 
 *233
 
 the ‘beyond a reasonable doubt’ standard only if, under the facts of the case, there is no rational way the trier could make the connection permitted by the inference.
 

 Id.
 
 (Emphasis added).
 

 If, on the other hand, the presumption under consideration is mandatory, the fact finder must find the elemental fact upon proof of the basic fact unless the defendant offers evidence that rebuts the presumption created by the connection between the two facts. An inference generally does not offend due process, but a mandatory presumption may very well do so depending on the facts and the variety of mandatory presumption that is in play.
 

 A mandatory presumption may be either irrebuttable or rebuttable. An irrebuttable presumption removes an element that must be proved once the State has proved the predicate fact or facts giving rise to the presumption. The fact finder, however, is not free to reject the presumption. Thus, once it is presented, the defendant may not attempt to rebut the connection between the proven and the presumed facts.
 
 Sandstrom v. Montana,
 
 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). A mandatory rebuttable presumption, on the other hand, does not remove the presumed element that the State must prove, but does require the fact finder to find the element that is presumed unless the defendant persuades the fact finder that such a finding is not warranted.
 
 Francis v. Franklin,
 
 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985),
 
 citing Sandstrom.
 
 That is to say, it shifts the burden of proof to the other party.
 

 Mandatory rebuttable presumptions that shift the burden of proof are further divided into two categories: (a) those that shift the burden of production, and (b) those that shift the burden of persuasion.
 
 See
 
 S. Jacobson,
 
 Mandatory and Permissive Presumptions in Criminal Cases; The Morass Created by Allen,
 
 42 U. Miami L. Rev. 1009, 1019-22. The
 
 Allen
 
 case teaches further that if the mandatory rebuttable presumption shifts the burden of production to the defendant, the finder of fact must find the presumed fact upon proof of the predicate facts only if the defendant fails to offer sufficient evidence to rebut the presumed fact. If that evidence is produced, the presumption is eliminated.
 
 Allen,
 
 442 U.S. at 157, n. 16, 99 S.Ct. 2213. If, however, it shifts the burden of persuasion to the defendant, then upon proof of the predicate facts, the finder of fact must find the presumed fact unless the defendant persuades it not to do so.
 
 Id. See also Watts.
 

 A mandatory irrebuttable presumption violates due process because it relieves the prosecution of the burden of persuasion on an element of an offense.
 
 Patterson v. New York,
 
 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977);
 
 Sand-strom.
 
 The prosecution, after all, is required to prove its ease beyond a reasonable doubt. To eliminate an element that it does not have to prove in a mandatory and irrebuttable fashion would offend that requirement, as well as the requirement that the defendant be presumed innocent.
 
 In re Winship,
 
 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). A mandatory re-buttable presumption, although less onerous from the defendant’s perspective, may still be unconstitutional if its effect is likewise to shift the burden of persuasion to the defendant.
 
 Id.
 

 Consider now whether the statute at issue in the present case creates a mandatory presumption or an inference. The statute authorizes the prosecution to offer into evidence the records of the Department of Highway Safety and Motor Vehicles showing that the defendant has been
 
 *234
 
 previously convicted of the offense of driving under the influence. If the State does so, the record evidence is “sufficient by itself’ to establish the prior convictions. The statute says only that the introduced records are prima facie evidence of that element of the offense.
 

 The statute then indicates that the defendant is free to contradict or rebut the prima facie information by other evidence. The presumed fact is, therefore, rebutta-ble, and is either an inference or a mandatory rebuttable presumption. Its essential nature is revealed in its concluding sentence. There the legislature has provided that the fact finder is free to consider the presumption along with any other evidence presented in determining whether the defendant has, in fact, been previously convicted of a previous DOT.
 

 Our reading of the statute is that the burden of persuasion does not shift to the defendant. The State must still prove every element beyond a reasonable doubt. Using the language from
 
 Allen,
 
 the statute “leaves the trier of fact to credit or reject the inference and does not shift the burden of proof.”
 
 Allen,
 
 442 U.S. at 157, 99 S.Ct. 2213. We are therefore convinced that the statute creates only an inference. If the statute creates an inference, a party challenging it is generally required to demonstrate that it is invalid specifically as applied to him or her in order to avoid its application.
 
 Allen,
 
 442 U.S. at 157, 162-63, 99 S.Ct. 2213 (citing
 
 Barnes v. United States,
 
 412 U.S. 837, 854, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973);
 
 State v. Rygwelski,
 
 899 So.2d 498 (Fla. 2d DCA 2005)). When considering this sub-issue, the courts have generally applied the rational connection test. Under this analysis a permissive inference is valid if, under the facts of the particular ease, the presumed fact “more likely than not” flows from the basic fact, and the inference is not the sole basis for a finding of guilt.
 
 Allen,
 
 442 U.S. at 165, 167, 169, 99 S.Ct. 2213;
 
 Marcolini v. State,
 
 673 So.2d 3, 6 (Fla.1996);
 
 Rygwelski.
 

 In this connection Mr. Ibarrondo argues that the prior convictions listed in his driving record are not sufficiently tied to him to constitute reliable evidence of those convictions, citing to this court’s opinion in
 
 Sylvester v. State,
 
 770 So.2d 249 (Fla. 5th DCA 2000). That is, he argues that the fact of his convictions more likely than not do not follow from the fact that they are listed on his driving record.
 

 We note first that we later receded to some extent from
 
 Sylvester
 
 in
 
 Arthur v. State,
 
 818 So.2d 589 (Fla. 5th DCA 2002),
 
 review denied,
 
 839 So.2d 697 (Fla. 2003), saying the following with respect to the sufficiency of the evidence of prior convictions contained in the driving record:
 

 We believe that the convictions appearing in the records maintained by the Department, records obtained from the courts as a part of the Department’s business records (records not disputed by defendant when he was notified that his license had been suspended), are sufficiently linked to defendant to constitute prima facie evidence that defendant committed the offenses reflecting his driver’s license and shifts the burden of going forward with the evidence to defendant. Unrefuted, the records are sufficient to sustain a conviction.
 
 See State v. Kahler,
 
 232 So.2d 166 (Fla. 1970).
 

 Thus, we have previously determined that convictions listed in the driving records of the sort in question are sufficiently tied to the defendant to constitute prima facie evidence of the prior conviction element. Accordingly, the rational connection test is satisfied by this statute and, as applied to Mr. Ibarrondo, section 316.193(12) is con
 
 *235
 
 stitutional. As the driving record, uncontested, was sufficient evidence for the jury to find beyond a reasonable doubt that Mr. Ibarrondo was the person convicted of the prior offenses enumerated in the record, we conclude that the trial court did not err in denying his motion for judgment of acquittal.
 
 [1]
 

 IV. CONCLUSION:
 

 In view of the erroneous rulings in seating an inappropriate juror, and in admitting the court file of a prior conviction into evidence and allowing the jury to have access to it, we reverse this case and remand it for a new trial. As to the other issues raised by the appellant in this appeal, we affirm in all respects. Finally, specifically as concerns section 322.34(2)(c), while we conclude that it is constitutional, we certify the following question to the Florida Supreme Court as a question of great public importance, in accordance with rule 9.030(a)(2)(B)(i), Florida Rules of Appellate Procedure:
 

 IS SECTION 322.34(2)(c) A PERMISSIVE INFERENCE AND DOES IT, AS APPLIED, SATISFY THE RATIONAL CONNECTION TEST OF CONSTITUTIONALITY?
 

 REVERSED and REMANDED; QUESTION CERTIFIED.
 

 COHEN, J. and REST, S., Associate Judge, concur.
 

 [1]
 

 . Ibarrondo also argues that his driving record was insufficient to prove his prior DWLS convictions as required by section 322.34(2)(c), Florida Statutes (2007). For the reasons delineated above, the unrebutted driving records were sufficient for the jury to find, beyond a reasonable doubt, that Ibarrondo had in fact been convicted of the prior DWLS convictions listed in his driving record.
 
 See Arthur,
 
 818 So.2d at 592, n. 4.