DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DANIEL LENZ,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-2268

[January 20, 2016]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert R. Makemson, Judge; L.T. Case No. 562013CF001569A.

Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Catherine Linton, Assistant Attorney General, Assistant Attorney General, West Palm Beach, for appellee.

GILLEN, JEFFREY DANA, Associate Judge.

Daniel Lenz (hereinafter "Appellant") appeals his conviction and sentence for two counts of lewd and lascivious molestation of a victim under the age of twelve. This appeal presents two issues for consideration: whether the trial court abused its discretion in (1) overruling Appellant's relevance and unfair-prejudice objections to the State's cross-examination of him concerning whether the victim had motive to lie; and (2) allowing the jury to hear recordings of Appellant's telephone conversations with his wife during which he discussed selection of potential defense counsel. For the reasons set forth below, we reverse on both issues.

In 2013, the then eleven-year-old victim confided in her mother that Appellant, her step-grandfather, had touched her inappropriately when she was younger, the touching having begun in 2007 when the victim stayed with Appellant in his home after school. The victim's mother went to law enforcement leading to an investigation during which Appellant admitted to tickling and squeezing the victim on her legs, and further

admitted he might, unintentionally, have "gotten a little high a couple of times," meaning around her vagina. During the investigation, Appellant admitted touching the victim over her clothes only. Also during the investigation, one of the officers told Appellant that they did not think the victim was "a liar," and Appellant agreed. While Appellant was in jail awaiting trial, he conversed with his wife by telephone and the calls were recorded. During those calls, Appellant told his wife that he would rather not be represented by a public defender and expressed interest in hiring a private lawyer whom Appellant opined knew "all the loopholes" as the lawyer was a former prosecutor. During the trial, the trial court overruled Appellant's objections to the State's questions of him on cross-examination inquiring whether Appellant thought the victim had motive to lie. The trial court also overruled Appellant's objection to the State's playing for the jury the recordings of the jailhouse telephone conversations.

The abuse of discretion standard is applicable for review of a trial court's decisions regarding the scope and control of cross-examination. *Carlisle v. State*, 137 So. 3d 479, 484 (Fla. 4th DCA 2014).

Here, the trial court incorrectly determined that Appellant had "opened the door" concerning issues of the victim's credibility. In his direct testimony, Appellant repeatedly admitted that he touched the victim several times near or on her vagina. He qualified that admission by saying, in essence, that he never intended his touching to be pruriently or in any way sexually motivated, thereby leaving for the jury only the question of whether the touching constituted lewd and lascivious behavior.[1] Furthermore, the record clearly demonstrates that on direct examination Appellant did not attack or otherwise call into question the victim's credibility. "In order to open the door, the witness must offer misleading testimony or make a specific factual assertion which the opposing party has the right to correct so that the jury will not be misled." *Siegel v. State*, 68 So. 3d 281, 288 (Fla. 4th DCA 2011) (citing *Cullen v. State*, 920 So. 2d 1155, 1156 (Fla. 4th DCA 2006)). It was the State's questions of Appellant during cross examination—not anything Appellant said during his testimony on direct—which broached the subject of the victim's credibility. Thus, the trial court erred in finding that Appellant opened the door for the State's cross-examination questions which sought to elicit both irrelevant and prejudicial responses concerning the victim's credibility.[2]

---

[1] In other words, because Appellant did not dispute touching the victim's vaginal area over her clothes, Appellant was improperly prejudiced by having to answer the question inquiring whether he felt the victim was "a liar."

[2] While we are cognizant of the state's argument that Appellant's counsel's objection was not so contemporaneous nor specific as it could have been, we find

The trial court also erred by allowing the jury to hear audio recordings of jailhouse telephone conversations between Appellant and his wife during which they discussed his options regarding retaining counsel to represent him in the criminal matter. *See Johnston v. State*, 863 So. 2d 271, 278 (Fla. 2003) ("A trial judge's ruling on the admissibility of evidence will not be disturbed absent an abuse of discretion.").

In *Martinez v. State*, 125 So. 3d 985, 989–90 (Fla. 4th DCA 2013), this Court referred to the unyielding foundation the framers of our Constitution laid protecting the selection of legal counsel in criminal proceedings. The exchanges between Appellant and his wife concerning their potential hiring of identified criminal defense lawyers was, unquestionably, protected by the Sixth Amendment. This is true regardless of the fact that Appellant, during one of the conversations, voiced his perception that one of the lawyers "knew all of the loopholes."[3]

*Reversed and remanded for a new trial.*

WARNER and MAY, JJ., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**

---

that it was sufficient to preserve the issue for review. Likewise, given all the circumstances, we cannot find that the error here was harmless. *Cf. Ramirez v. State*, 132 So. 3d 849, 852–53 (Fla. 4th DCA 2013).

[3] The state further argues that Appellant did not properly preserve this issue for appellate review because he failed to request a pre-trial hearing to exclude portions of the jailhouse calls and further failed to object at the time the State moved to enter the recordings into evidence. *See Aills v. Boemi*, 29 So. 3d 1105, 1108 (Fla. 2010) (holding that proper preservation of error for appellate review generally requires "a timely, contemporaneous objection at the time of the alleged error"); *see also Green v. State*, 711 So. 2d 69, 70 (Fla. 4th DCA 1998) (holding that the defendant's "failure to object at trial to admission of contested evidence waives the defendant's right to claim on appeal the evidence was erroneously admitted"). We have considered, and find no merit in, the state's preservation argument. While Appellant did not object to the admission of the recordings into evidence, he did timely and contemporaneously object to their publication on the basis that they contained inadmissible and prejudicial comments about his right to counsel. That objection placed the trial court on notice of the error and provided it with the opportunity to correct the error. *See Harrell v. State*, 894 So. 2d 935, 940-41 (Fla. 2005).